The opinion of the court was delivered by
GibsoN, J.
The first exception is to the declaration, which is on an office bond given by administrators and their sureties. The debt is laid as being that of all the four defendants ; but as being payable when three of the obligors who are named, (omitting the name of the fourth,) “should be thereunto afterwards required.” I can see no error in this. A bond by four may be good, although expressly made payable when three of them should be required; and if so, a declaration setting it forth truly, would also be good.
The defendants craved oyer of the bond and condition, and had it: on which they pleaded performance of the condition and payment ; and went to trial on those pleas; Their counsel now urge a variance between the condition of the bond shown, and the form prescribed by the act of assembly. Even if the objection did not come too late, the Variance is so unsubstantial as to render the question altogether immaterial; and I shall therefore dismiss it without further notice.
In reply to the plea of performance of the condition, the plaintiff assigned several breaches; and these are the next subject of error.
The first objection is, that each several assignment does not conclude with a verification. After verdict, however, this defect is *67 remedied by the stat. 4 and 5 Ann, c. 16, which restrains a party from taking advantage of it, except on special demurrer.
It is further objected to the first breach, which is laid to be an omission to exhibit an inventory in the register’s office within the time prescribed by law; that there is no positive averment that the intestate left any goods and .chattels which came to the hands of the administrators, or of any person for them: without which they could not be in any default. This might possibly be a valid objection on demurrer; but after verdict, the breach is well enough. It is laid to be neglect in not exhibiting an inventory of all the-goods that came to their hands; which necessarily implies that some goods actually came to their hands; otherwise the whole would be nonsense. It is however a defect which is cured by verdict; for the plaintiff could not have recovered without proving the fact of assets.
There are errors assigned with regard to the remaining breaches, which, as the first breach is sufficient and shows a forfeiture of the bond, need not be considered; and I shall express no .opinion on them further than to say, that all the breaches would probably be found good after verdict. But at all events, this suit is on an office bond given as a security for creditors and those entitled under the statute of distributions, the commonwealth being a trustee without the least imaginable interest, and bound to prosecute at the suggestion of any one who can' show on a scire facias founded on the judgment that he has suffered particular injury; and the damages being nominal, for which no execution can issue, it is therefore immaterial whether they were assessed exclusively on good breaches, or on a mixture of good and bad. Here then there is a finding in favour of the plaintiff on all the breaches, and as there is at least one breach well assigned, that shows that the penalty was forfeited; which is the only thing to be ascertained in this action. It would be otherwise in an action whose immediate object is damages for breach of covenants; but here the judgment is for the whole penalty, the damages for injuries to particular individuals being ascertainable and to be recovered in a subsequent proceeding by scire facias on the judgment.
Another error assigned, is, that there was no issue joined, . This is is not true in point of fact. To the replication assigning the breaches, there is certainly no formal rejoinder or taking of issue; but the word “issue” is entered on the docket at the close of the short minute of the pleadings; and this we have always held to be a memorandum for the clerk to join the issue formally, the want oí which, under such circumstances, is a clerical slip and amendable. To reverse for amere formal defect of this sort, after a trial on the merits, is a grievance; and to avo’d it, we say once for all, we will lay hold of the most trifling circumstance. Whether we may not even go further when we are driven to it by the absence of all pre *68 text, it is at present unnecessary to say; the docket here presents a .substantial although not a formal joinder. '
Beside these there are objections to the charge.
Two of the defendants, who are but sureties for the administrators, thinking they might avail themselves of negligence on the part of those who. prosecute this suit ip the name of the commonwealth, in not citing their principals to settle an administration account at an earlier day, and in not bringing suit in due season, prayed the direction of the court on the subject; and for a supposed mistake in that matter, error is. assigned. It is clear, however, that the consequences of negligence in giving an equity to sureties, cannot be inquired into in a suit like the present, which is for the benefit of all persons concerned, whether as creditors or claimants of a distributive share; for a verdict would be conclusive on all; and negligence in particular persons should have no further effect in discharging the sureties, than as against those persons themselves. Here the commonwealth is a trustee for all-parties interested, and a judgment against her would be a complete discharge of the bond, which could never be put in suit a second time. The equity of the sureties against particular persons, if any there be, (about which we intimate no opinion,) may be urged with effect when those persons come to prosecute exclusively for themselves by a scire facias; but not till then. '
It is also assigned for error, that the decision of matters of. fact, was withdrawn from, the jury; but, bn inspection, this is not found to be supported by tfie record.
Judgment affirmed.'