The opinion of the court was delivered by
Gibson, C. J .
Precedents are the highest evidence of the law, and are to be followed implicitly where they do not produce actual injustice or some intolerable mischief. But nothing is stronger than the injustice of suffering a party who has gone to trial without plea or issue, or on a declaration in which there are blank spaces for dates or sums, to elude the consequences. An omission to compel the opposite party to perfect the pleadings beforehand, ought to be considered, what it is in justice and truth, a tacit agreement to waive matters of form, and try the cause on its merits; just as going to trial on a short plea is, according to our practice, a waiver of the right'to demand a plea in full form. Where it is the business of a particular class of the profession to attend to the pleadings and prepare the cause for trial, slips are unfrequent, and the injustice of applying strict rules of pleading to cases like the present, is consequently less annoying. But here, where the attorney is also the advocate; where an almost unlimited indulgence is extended to each other by gentlemen of- the profession; and where, in consequence; the pleadings are frequently left unfinished, our sense of justice is perpetually shopked by exceptions like the present. From the same spirit of accommodation arose our short entries or memoranda of the substance of the defence, in lieu of pleading at large; yet, according to strict rules of pleading, these short pleas would be had on demurrer or a writ of. error; and it is not a,little surprising that this court should have had regard to the circumstances and practice of the profession in the one' case, and not in the other. But the discrepance would be comparatively insignificant, were, it not for the insufferable mischief of its consequences in cases where counsel are too frequently instigated by the exigence of the case, to avail themselves of these unimportant errors. The frequency of this at length aroused us to a sense of the necessity of reconsidering our own decisions; intimations of which are to be found in the late reports, particularly in Carl v. The Commonwealth, where it is said: “ To reverse for a mere formal defect of this sort after a trial on the merits, is a grievance; and, to avoid it, we say once for all, we will lay hold on the most trifling circumstance. ' Whether we.may not even, go further when *118 we are driven to it by the absence of all pretext, it is at present unnecessary to say.” (9 Serg. & Rawle, 67.) The alternative, thus spoken of, presents itself in the case before us; and we are, after mature reflection, resolved to disregard such exceptions altogether: consequently, the assignment of error is not sustained.
Judgment .affirmed.