## Bratton *against* Mitchell.

In an action of ejectment against two defendants, one appeared and pleaded to issue, the other disclaimed, and objected to the jury being sworn as to him : Held, that the cause was not at issue as to both defendants, and that the trial and judgment were erroneous as to both, although the jury found for the defendant who disclaimed. In such case the court should compel the defendant who disclaims, to give judgment, or order him to plead, *instanter*, the general issue.

Unless an exception to the charge of the court be taken at the time of the trial, and be accompanied with a request that it be filed, the party will not be permitted to make it the subject of the assignment of error, although it should afterwards have been filed by the court at his request.

ERROR to *Mifflin* county.

This was an action of ejectment by George Mitchell against Charles

Bratton and Jàmes Bratton, in which Charles, one of the defendants, appeared and pleaded to issue, and James appeared and disclaimed all title to or possession of the land.    When the cause came on for trial, the counsel of James objected to the jury being sworn as to him; but the .court said that the proper practice was to swear the jury as to both defendants, and if the plaintiff failed to prove both in possession, a verdict would be rendered for him who was not.    The counsel for James excepted to this opinion.

The jury found a verdict for the plaintiff, against Charles Bratton alone, and in favour of James, the other defendant.

Several questions of law were put to the court, upon which they were requested to charge the jury, and which were answered; but it did not appear by the record that an exception had been taken to the charge by the defendant's counsel at the time, although at his request it was subsequently filed by the court, and came up with the record. Error was assigned in the opinion of the court, which the counsel for the defendant in error objected to, on the ground that exception had not been taken below.

*J. Fisher*, for plaintiff in error.
*Potter*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—After a trial on the merits, the court will not reverse a judgment, because there was no plea or no issue.    This principle was decided in Sauerman *v.* Weckerly, 17 *Serg. & Rawle* 116, and is based on the equitable ground that an omission to compel the opposite party to perfect the pleading, ought to be considered a tacit agreement to waive matters of form, and try the cause on its merits. Notwithstanding this case, it has never been supposed that a party can be compelled to try until the cause is put into legal form by an issue, properly formed between the parties on the record.    Where an objection is made, there is no room for presumption of any kind, and it would be against right and justice to infer an agreement to waive form, in opposition to the protestation of the party against the trial.    Here the counsel objected to the jury being sworn, and this makes it necessary to inquire, whether the cause was then in a proper state for trial ?    The ejectment is brought, and the sheriff returns the writ served on two defendants; Mr Fisher enters a disclaimer for James Bratton, one of them, for the whole of the lands claimed in the writ, and pleads not guilty as to the other.    When suit is brought against two, it is clear that the cause cannot be tried against one, until judgment be obtained against the co-defendant, or until issue be joined against both.    The cause appears to have been at issue as to Charles, but not as to James, on whom the writ was also served, nor was judgment entered against him.    Instead of a plea, the defendant entered a disclaimer, as to the whole land, which the court would seem to consider in the place of a plea, but it is not perceived what operation a disclaimer of title can have, in an action

[Bratton v. Mitchell.]

of ejectment to recover the possession of land, except, perhaps, in the case of a vacant possession, under a late act of assembly, as in Steinmetz *v.* Logan, 3 *Watts* 162. In real actions, a tenant may disclaim to have any estate in the lands, and this abates the writ, and the plaintiff may take judgment; but in a real action the demandant recovers neither costs nor damages, but merely the *locus in quo.* *Com. Dig., tit. Disclaimer,* 417; *tit. Abatement, T.* But in ejectment, notwithstanding the defendant disclaims title to the land, it is still necessary to try the fact whether the defendant was in the possession when the writ was served; for if he was, he is still liable to costs and damages. It was then the duty of the court, either to compel him to give judgment, which would secure the costs and damages, or to have ordered him to plead, *instanter,* the general issue, if not guilty; on which the parties could have gone to trial. In real actions, in trespass, by force of the statute, and in a *quare impedit,* disclaimer is a plea, but like the pleas in bar or in abatement, it concludes with a verification, and, of course, calls for a replication and issue; so that whether this was a plea or a nullity, the cause was not at issue as to both defendants. The court of common pleas decided that the proper practice was to swear the jury against both, and that unless the plaintiff proved James in possession, there would, of course, be a verdict for him. To this we see no objection, if the court had compelled the defendant to plead; or, if he had refused to plead, had entered judgment against him by default. It has been said that no injury has been done, as the trial resulted in a verdict for James. I can readily perceive that injustice may be done, in compelling a trial under such circumstances; but whether this be so or not, we do not think it necessary particularly to inquire. It is sufficient cause of reversal that a trial was had against the consent of the defendant, when the suit was not properly at issue.

It is said that the court erred in admitting James M'Donald as a witness, because of interest; but we cannot perceive in what that interest consists. The verdict in this suit, terminate as it may, determines nothing for or against him ; he is no party to it, nor can it be given in evidence in any suit to which he may be a party.

Several errors have been assigned at the last term, which we declined to notice, because it did not appear that the charge was filed at the request of the party or his counsel. The same point which was then decided came before the court in Lancaster *v.* De Normandie, 1 *Wheaton's Rep.* 49, and is not now open to question. It does not alter the case that the charge has been since filed at the request of counsel, as this appears to have been done at a subsequent term; in this respect it is like a bill of exceptions, which must be tendered at the trial, for if the party then acquiesces, he waives it. The statute of Westminster 2 is very general, and appoints no time for taking the bill, but it has been required, from the nature and reason of the thing, that the exception should be reduced to writing, when taken and disallowed, like a special verdict, or demurrer to

[Bratton v. Mitchell.]

evidence.   It need not, it is true, be drawn up in form, but the sub-
stance must be reduced to writing while the thing is transacting,
because it is to become a record.   When, therefore, a party wishes
to except to the charge of the court, his exception must be noted at
the trial, and must be accompanied with a request to file the charge;
otherwise the party will be deemed to have waived it.

Judgment reversed, and a *venire de novo* awarded.