# Collum *against* Andrews.

In trespass to real property, if the declaration does not state the name or abuttals of the close, &c., with such precision as to avoid the possibility of the defendant having a close in the same county of a similar description, and the defendant has pleaded *liberum tenementum*, without describing the close, the plaintiff should new assign and not take issue on the plea.

An omission to perfect the pleadings is a tacit agreement to waive matters of form and try the cause on its merits.

ERROR to the common pleas of *Crawford* county.

Robert Andrews against John Collum. Trespass. Plaintiff declares, " for that, whereas, heretofore, to wit, on the 1st day of April 1834, and at divers times, between the bringing of this suit and the day aforesaid, with force and arms, &c., at the county aforesaid, he, the said John, the close of him, the said Robert, did break and broke down and prostrated the rails and fences of him, the said Robert, then and there lately entered, &c., &c."

Plea, *liberum tenementum.*

The defendant made the following points, upon which he requested the court to charge the jury.

1. That unless Andrews had an actual possession of the land at the time that Collum made his alleged entry, this action cannot be maintained.

2. That if there was an outstanding equity in Andrews, it would not be sufficient to enable him to maintain this action, if they believed that Collum entered under colour of title, the land being vacant at the time of entry made.

3. That an entry into land, by one having claim of title, unaccompanied by actual ploughing and cultivating the soil, with other acts evidencing an intention of taking possession, is not a trespass in law.

4. That, admitting that Robert Andrews and those claiming under him, have an equitable interest in one moiety of the tract of land patented in the name of Joseph Andrews, yet, if there has been no survey and no partition of their respective purparts, they would hold as tenants in common, and consequently this action could not be maintained.

5. Under the issue in this case, if the jury believe that the defendant is seised of any part of the tract, they must find for the defendant.

6. If the jury believe that the deed from M'Connel to Andrews was executed without any, or other than a mere nominal consideration, they must consider Andrews merely as the trustee of Dillon, or Collum the grantee of Dillon, if they believe, from the evi-

[Collum v. Andrews.]

dence, that Dillon satisfied M'Connel, on his warranty in the deed of the 29th of January 1816.

7. That the plaintiff cannot maintain this action, without an actual survey, or a continued peaceable possession, designated by some known boundaries for the term of twenty-one years, against the person having the legal title.

Shippen, president. "This is an action of trespass, *quare clausum fregit,* to which defendant's plea is *liberum tenementum.*"

Defendant's first point is correct. Plaintiff must show an actual possession in himself, or if he has title, and no one else in possession, he is considered in law as in possession, so as to support an action of trespass.

We do not charge, as in defendant's second point, because we think plaintiff has shown title in himself, and the better title. Defendant, in showing his title, gave in evidence, a patent to Joseph Andrews, April 1803, for four hundred acres, which recites a warrant to Robert Andrews, and a deed from Robert Andrews to Joseph Andrews, dated the 15th of March 1803. This deed was recorded on the 16th of March 1803, and is "in trust for Robert Andrews, as to the western two hundred acres of the tract, which is the land in dispute, on which the trespass was committed." This is a title in Robert Andrews, in writing by deed, recited in defendant's patent, on which his title is founded, and which deed was recorded before the patent issued.

This title, with possession under it, for upwards of thirty years, according to the testimony of uncontradicted witnesses, is a good legal title, and not to be called "a mere outstanding equity."

In 1814, the heirs of Joseph Andrews sold their interest moiety to A. Dillon, telling him expressly, as proved by D. Andrews, that it was for the eastern half only. This is undisputed.

In 1816, Dillon conveys to J. Collum, defendant, two hundred acres, as (described by mistake, to be the western half, but he takes possession, and holds what he admits was intended,) the eastern half.

In 1834, defendant takes a conveyance from A. Dillon for the whole tract of four hundred acres and in June, takes down plaintiff's fence, and enters to plough and sow, &c., without any attempt to show a possession in himself, or those under whom he claims for upwards of thirty years, over. This title, under these uncontradicted facts, is not sufficient to justify his entry into plaintiff's field.

If plaintiff and defendant are tenants in common, of the whole four hundred acres, then defendant would have the right of entry, and plaintiff could not recover.

But the original agreement, making settlement, dated the 15th of October 1801, and recorded in 1826, recites a survey made by Mr

[Collum v. Andrews.]

Arthur, by a line through the centre, north and south, and that Robert Andrews was to have the western half, on which he then resided.

This cause has been tried on its merits, relative to the trespass into the field of the plaintiff, on the western two hundred acres, where defendant sowed and reaped a crop of buckwheat; we consider the remaining points not applicable or not tenable.

Errors assigned.

1st. The court omitted to charge the jury on the 5th, 6th, and 7th points proposed.

2d. The court should have charged affirmatively, as proposed in the 5th point, viz. that if the defendant is seised of any part of the tract, the jury must find for him.

*Derrickson*, for plaintiff in error, cited 1 *Chit. Pl.* 541; 2 *Salk.* 453; 2 *Caines's Rep.* 232; 1 *Saund.* 299.

*Riddle*, contra, cited 1 *Dyer* 23; 4 *Watts* 377.

The opinion of the Court was delivered by

SERGEANT, J.—The case in Dyer, 23 *b*, seems to be contradicted by the authorities, and the rule is laid down by Mr Chitty, 1 *Chit. Pl.* 606, that in trespass to real property, if the declaration does not state the name or abuttals of the close, &c., with such precision as to avoid the possibility of the defendant's having a close, &c., in the same parish of a similar description, and the defendant has pleaded *liberum tenementum*, without describing the close, the plaintiff should new assign and not take issue on the plea. In the present case, however, the plaintiff neither made a new assignment nor took issue. The plea was entered in short, and according to our usual loose practice, there was no replication whatever. The parties went to trial without one, and on the trial, they would seem to have gone into evidence of their mutual claims to the two hundred acres, of which the plaintiff showed his possession, the other two hundred acres being admitted to be the property of the defendant. At least, this appears to have been the case, so far as we can judge from the statement on the subject, in the charge of the court, and we are not furnished with the evidence. The court says the cause had been tried on its merits relative to the trespass into the field of the plaintiff, on the western two hundred acres, and where the defendant sowed and reaped a crop of buckwheat. Under these circumstances, we are of opinion that it falls within the doctrine laid down in Sauerman *v.* Weckerly, 17 *Serg. & Rawle* 116, that an omission to compel the opposite party to perfect the pleadings beforehand, ought to be considered, what it is in justice and truth, a tacit agreement to waive matters of form, and try the cause on its merits, just as going to trial on a short plea is, accord-

ing to our practice, a waiver of the right to demand a plea in full form. Carl *v.* Commonwealth, cited *Ibid.*

Judgment affirmed.