## Glenn *against* Copeland.

After a trial upon the merits, a judgment will not be reversed because there was neither a declaration nor replication to the defendant's plea : and this principle is as applicable to a trial upon the plea of *nul tiel record* as upon one of fact.

ERROR to the Common Pleas of *Allegheny* county.

A. S. T. Copeland against John Glenn. This was an action of debt upon a recognizance of bail. There was no declaration filed. The docket entry was as follows :

"2d February 1841, judgment for plaintiff, sum due liquidated at seventy-four dollars and sixty cents."

*Williamson,* for plaintiff in error. This judgment cannot be supported, inasmuch as there was no declaration filed, no condition of the recognizance set out, no breach assigned; and it does not appear that there was any trial by the court. It would be presuming too much to support a judgment without any of the constituent parts of it.

The opinion of the Court was delivered by

ROGERS, J.—After going to trial on the merits, the court will not reverse a judgment because there is no plea nor issue. *Sauerman* v. *Weckerly,* (17 *Serg. & Rawle* 116). And this principle is as applicable to an issue in law as of fact, because both come within the same mischief. Here there was a summons in debt on recognizance, plea *nul tiel record,* but no declaration or replication. The judgment is "for plaintiff, sum due to be liquidated by prothonotary : *cesset,* &c., sum due liquidated by the prothonotary at $74." It does not directly appear, which in strictness it ought, but the inference is plain, that both parties were heard, and that judgment was given, after argument, for the plaintiff. As in *Sauerman* v. *Weckerly,* it must be regarded after this as a tacit agreement to waive all matters of form. If the defendant had applied to the court below to set aside the judgment, the facts might have been inquired into; but pretermitting that course, it leaves the case open to every reasonable intendment which this court can make in support of the judgment.

Judgment affirmed.