# Barker *versus* McCreary.

1. The Supreme Court will not reverse for want of a declaration or plea after a trial on the merits.

2. A justice rendered judgment for $46 62, the plaintiff appealed and two years afterwards obtained a judgment on verdict for $50. *Held,* that he was entitled to costs.

3. The judgment in court was for a greater sum and more favorable than that from which he appealed.

4. To ascertain whether the jury added interest in their verdict, the court would have to go out of the record, which cannot be done.

5. Park *v.* Sweeney, 3 Wright 111, distinguished.

October 18th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Erie county :* No. 117, to October and November Term 1870.

This was an action commenced before a justice of the peace by

[Barker v. McCreary.]

K. C. Barker against John C. McCreary, in which judgment was rendered for the plaintiff November 8th 1867 for $46.62. The plaintiff appealed to the Court of Common Pleas: he there filed a declaration in assumpsit; and on the 18th of July, entered a rule to plead on or before the third day of the next term. No plea was entered.

The parties went on trial September 2d 1869, when the verdict was for the plaintiff for $50.

On the 4th of September the defendant obtained rules to show cause "why judgment should not be entered for the amount of verdict and costs before justice only," and "why defendant's costs should not be deducted from amount of verdict." Both rules were made absolute.

The plaintiff took out a writ of error, and assigned for error:—

1. Going to trial without an issue of fact on the record.

2. Making the rule absolute to show cause why judgment should not be entered for amount of the verdict and costs before the justice only.

3. Making the rule absolute to show cause why defendant's costs should not be deducted from amount of verdict.

*B. Grant*, for plaintiff in error, cited, as to 2d and 3d errors, Act of April 9th 1833, § 1, Pamph. L. 480, Purd. 600, pl. 70; Haines v. Moorhead, 2 Barr 65; Holman v. Fesler, 7 W. & S. 313; King v. Boyles, 7 Casey 424.

*McCreary & Gunnison*, for defendant in error, as to 1st error, cited Sauerman v. Weckerley, 17 S. & R. 116; Bratton v. Mitchell, 5 Watts 69; Long v. Long, 4 Barr 29; Ins. Co. v. Seitz, 4 W. & S. 273. As to 2d and 3d errors they cited the Act of 1833, *supra;* Park v. Sweeney, 3 Wright 111; Magill v. Tomer, 6 Watts 494.

The opinion of the court was delivered, January 3d 1871, by

AGNEW, J.—The plaintiff in this case has no right to complain of a trial without a plea. He had a rule on the defendant to plead or judgment, and might have enforced it. This court will not reverse a judgment for want of a plea or a declaration after a trial on the merits: Sauerman v. Weckerly, 17 S. & R. 116; Glenn v. Copeland, 2 W. & S. 261; Bratton v. Mitchell, 5 Watts 69; Long v. Long, 4 Barr 29; Ins. Co. v. Seitz, 4 W. & S. 273.

The 2d and 3d assignments of error are more substantial. It may be the jury allowed interest on the plaintiff's demand, which makes up the difference between the sum for which the justice gave judgment, to wit, $46.62 and $50, the sum found by the jury. But how can we know this? They may not have done so; and there is no rule, therefore, that can be adopted which

[Barker *v.* McCreary.]

will certainly do justice. The plaintiff appealed, and afterwards obtained a greater sum and more favorable judgment than that from which he appealed. He falls therefore within the very terms of the Act of 9th April 1833, and within the express decision in Haines *v.* Moorhead, 2 Barr 65. To this citation may be added McMaster *v.* Rupp, 10 Harris 298; and King *v.* Boyles, 7 Casey 424. In the former, the plaintiff appealed from a judgment of seventy cents, and recovered a judgment for eighty-six cents; and in the latter, the plaintiff appealed from an award of no cause of action, and recovered a judgment of ten cents; and in each case the plaintiff was allowed his costs under the Act of 1833. Park *v.* Sweeney, 3 Wright 111, cited by the defendant in error, is an authority on the other side. It is true that Lowrie, C. J., in that case said that interest must be added to a judgment tendered by the defendant before making his appeal, in order to compare it with the sum actually recovered; but he adds, " We do not go out of the record to make the comparison, and we could not do so without opening a new field of litigation. The offer was of $50 and interest, for the law adds the interest. We do not speculate about whether the arbitrators added interest after the appeal in making up their award, but simply decide as a matter of law, and of fact, too, that the offer is greater than the award when we bring them together at one date." But in this case we must necessarily go out of the record to discover whether the jury allowed interest in their verdict. The judgment as to the costs is therefore reversed, and judgment is now given for the plaintiff below for full costs.