# Lewisburg, Centre and Spruce Creek Railroad Co., to use of J. H. Miller *et al., versus* Stees.

1. Plaintiff, "for use," &c., declared on a joint and several obligation, guarantying $45,000; defendant pleaded in bar that plaintiff had brought suit on the same obligation against Mensch, another of the obligors, and had recovered judgment for $74, which was satisfied; plaintiff replied that the use-plaintiffs had advanced money to pay a deficiency of the guaranty, the other obligors, including defendant, agreeing that it should stand for their use, and each would pay his share, and that the judgment recovered was for Mensch's share. *Held*, these pleadings made no issue for the jury, but the parties having gone to trial on the merits, the court would not reverse on that ground.

2. In Pennsylvania, if parties go to trial without a formal issue, it is an agreement to waive matters of form and try on the merits.

3. Assuming the replication to be a new cause of action, the defendant might have demurred, but having gone to trial on the merits, it stood as if it was a new declaration, and the defendant had tried on the merits without a plea.

4. In an action of debt against the defendant, on the agreement of each to pay his proportion of the deficiency, the judgment against Mensch for his share, although brought in the name of the obligor, would not be a bar.

January 26th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Union county :* Of January Term 1874, No. 227.

This was an action of debt, brought December 9th 1871, by the Lewisburg, Centre and Spruce Creek Railroad Company, for the use of J. E. Herr, D. H. Miller and Oliver P. Mensch, against Samuel Stees.

The suit was on a guaranty signed by the defendant, D. H. Miller and J. E. Herr, two of the beneficial plaintiffs, Abraham Mensch and fifty-seven others, under their seals, of which the material parts are :

"We the undersigned, for value received, do hereby jointly and severally bind ourselves, our heirs, &c., to the Lewisburg, Centre and Spruce Creek Railroad Company, and do hereby guaranty to said company good and valid subscriptions to the stock of said company to the amount of $45,000 * * *, to be applied : 1. To pay for what right of way cannot be obtained, and to grading said road * * * from the western boundary of the borough of Lewisburg to the western boundary of the borough of Mifflinburg. Said subscriptions to be paid as the work progresses for grading said line, and if any instalments are not paid as called for by said company to pay estimates for contractors, then the guarantors to this agreement will pay the same on ten days' notice. The work of grading said road to be commenced within three months, and to be completed and cars running within one year from the date of this guaranty. The said company to proceed with track-laying as

[Lewisburg, Centre & Spruce Creek Railroad Co. *v.* Stees.]

rapidly as the road is graded from Lewisburg depot west to Mifflinburg. We further guaranty to said company as much of the right of way between Lewisburg and Mifflinburg as lies in our power, in the following manner: 1. To procure general releases gratis as far as they can be obtained. 2. To procure from such other landholders as we can, an agreement to take stock in said company for the right of way and damages, in all cases to be made as reasonable as can be. We further guaranty to said company ground sufficient for freight and passenger depots, near or within the borough limits of Mifflinburg, in a location satisfactory to said company and suitable for said purpose. Also a general release for the right of way through the entire limits of our borough of Mifflinburg, both to be free of all charges whatsoever. Witness our hands and seals this 14th day of July, A. D. 1870."

The declaration set out the guaranty *in totidem verbis,* and averred, " that said guaranty has not been complied with by said Samuel Stees, or any other of the guarantors, in this, that the $45,000 of good and valid subscriptions to the capital stock of said railroad company has not been procured or paid, nor has the guaranty been paid, as the work of grading, &c., progressed and money was needed, though due notice was given, nor have instalments been paid as called for by said company for contractors, nor have the guarantors paid, though duly notified, nor has defendant or other guarantors procured or endeavored to procure right of way since date of said guaranty. The said guaranty, not having been fulfilled by defendant or any other of the guarantors to said paper, and there being a large deficiency, the said defendant has become liable to pay plaintiff the same," &c.

The defendant pleaded a special plea, which after setting out the guaranty, proceeded:

" That on the 11th day of November 1872, the plaintiffs brought suit on the same guaranty, &c., against the aforesaid Abraham Mensch, one of the aforesaid joint and several co-obligors with the defendant, &c., upon which the plaintiff has declared in this suit, before G. N. Youngman, Esq., one of the justices of the peace, &c., whereupon the same guaranty was given in evidence in the cause before the said justice, and a hearing was had upon the merits, and after such hearing the justice gave judgment for the said Lewisburg, Centre and Spruce Creek Railroad Company, for the use of the said D. H. Miller, J. E. Herr and Oliver P. Mensch, for the sum of $72.50, with costs, &c., and that on the 16th day of November 1872, the said Abraham Mensch took an appeal from the said judgment of the said justice, to the Court of Common Pleas, &c., which appeal was entered in said court on the 18th day of November 1872. That on the 5th day of December 1872, the plaintiff in said suit filed in said court his declaration against the said Abraham Mensch, in which he declared upon the same guaranty upon

which he has declared in this suit against him, the said Samuel Stees. That the said Abraham Mensch entered a rule, &c., to have arbitrators chosen in said suit, according to the provisions of the compulsory arbitration laws, &c., * * * and plaintiffs and the said Abraham Mensch agreed upon Jesse Schreyer, &c., as the arbitrators, * * * whereupon the said arbitrators after hearing the parties, * * * rendered an award against the said Abraham Mensch, for $74.43, which award so found, the said plaintiffs, on the said 26th day of April 1873, did enter in the Court of Common Pleas, &c., and had judgment entered on the same against the said Abraham Mensch, for the amount of the aforesaid award, &c. That on the 17th day of May 1873, the said Abraham Mensch paid to the plaintiffs in said suit $74.43, and all interest then due thereon, in full satisfaction and payment of the aforesaid award, and also paid costs of said suit. * * * And this the said Samuel Stees is ready to verify; whereupon he prays judgment if the said Lewisburg, Centre and Spruce Creek Railroad Company, for the use of the said D. H. Miller, J. E. Herr and Oliver P. Mensch, ought to have or maintain their aforesaid action therefor against him, after having brought suit as aforesaid against the said Abraham Mensch, upon the said guaranty as aforesaid, as is declared upon in this suit, and recovered judgment in the same; and the said judgment, interest and costs being paid by him, the said Abraham Mensch, in full as aforesaid."

In another plea defendant averred that the plaintiffs had been paid in full for all claims against them.

The replication was: "That the guaranty was executed and delivered by the obligors therein set forth, to said railroad company, not only as a joint obligation, but as joint and several, leaving it optional with plaintiff to bring separate suits against the obligors who signed the same, the defendant being one of them. That the obligors failed to make up the amount of $45,000, good and valid subscriptions to the stock of said railroad company, in accordance with the terms and conditions of said writing, leaving a large deficiency on the subscription, say some $16,000. Upon a fair and equitable division among the solvent obligors to said writing, it was agreed that each obligor's share of the deficiency of said guaranty, so far as relates to the subscription to be made, was $230. That when that part of the Lewisburg, Centre and Spruce Creek Railroad extending from Lewisburg to western boundary of Mifflinburg was completed, said company refused to run their locomotives and cars thereon until the balance of said $45,000 was paid or advanced; and the obligors to said instrument of writing, including the defendant, being very anxious to have the cars run on said road, D. H. Miller, J. E. Herr and O. B. Mensch were induced to advance to said railroad company the balance of the $45,000, with the agreement that said obligation should stand for

[Lewisburg, Centre & Spruce Creek Railroad Co. *v.* Stees.]

their use, and to collect thereon from such of the guarantors who might refuse to pay up their share, the defendant and other obligors assenting and agreeing thereto. That the said railroad company, being so advanced, did commence and continue running their locomotives and freight and passenger cars on said railroad mentioned in the bond of guaranty. That the defendant, having neglected to pay his share of said deficiency, suit was brought to recover his share of the same, to wit, the amount agreed upon as aforesaid. That Abraham Mensch, the obligor referred to in said special plea of defendant, agreed also to pay his share, $230, and did pay thereon, so as to reduce it to $72.50, but neglected to pay that balance, although frequently promising so to do, he was sued before George N. Youngman, Esq., a justice of the peace, to recover the same. In said suit before said justice nothing was embraced or passed upon, but the balance of said Abraham Mensch's own share of the deficiency of $45,000, good and valid subscriptions to said railroad company, nor was any claim made in that suit in relation to procuring right of way between Lewisburg and Mifflinburg, nor in relation to grounds for depots. That there was nothing investigated before George N. Youngman, Esq., the justice of the peace aforesaid, but to ascertain the balance due by said Abraham Mensch on his share of said deficiency of subscription, which share was found to be $74.43, for which said justice entered judgment, and from which judgment defendant appealed and entered a rule to have arbitrators chosen. Arbitrators were chosen, plaintiff's claim established, and defendant making no defence, the arbitrators, on the 26th of April 1873, filed their report, finding in favor of the plaintiff and against Abraham Mensch, $74.43, which was for balance of said share of Abraham Mensch. That amount of said award was paid over to George B. Miller, one of the firm of George F. Miller & Sons. This arbitration arrangement was evidently a manœuvre on part of some of the obligors in said guaranty to try to get clear by some imagined technicality from paying their honest proportion of the deficiency of said guaranty of stock. It is denied by plaintiff that the suit against Abraham Mensch, referred to in defendant's special plea, was for the same matter for which the present suit against Samuel Stees was brought."

In reply to defendant's second special plea filed, plaintiffs say, "that said railroad company has not been paid in full prior to the institution of this suit or since by the obligors, but have been advanced by Dr. D. H. Miller, J. E. Herr and Oliver P. Mensch, with the understanding and agreement that said guaranty should stand for their use to collect from such of the obligors who should neglect to pay. That defendant, Samuel Stees, has not paid one cent on said guaranty; and this the said plaintiffs are ready to verify, therefore judgment is prayed for damages," &c.

[Lewisburg, Centre & Spruce Creek Railroad Co. *v.* Stees.]

There was no rejoinder.

The case was tried December 18th 1873, before Bucher, P. J.

D. H. Miller, one of the beneficial plaintiffs, testified, that after the execution of the guaranty, work on the road proceeded quite rapidly and calls were made for money in pretty quick succession. The subscribers failed to pay the instalments, but the company finished the road nearly for the cars to run; at this time there was a considerable deficiency. The president of the company, on the 20th of September 1871, said the road was done, but the company would not run it until the subscribers paid the deficiency of their subscription, amounting to $7000 or $8000. On that day, O. P. Mensch, Herr and witness gave their obligations for the deficiency, supposing each guarantor would pay his proportion. A meeting of the guarantors was held; the defendant was present; the amount each guarantor was to pay was discussed; it was not known what the share of each would be; it was agreed each should pay $175; defendant had given his note for this sum, but it was claimed it was more: all agreed to pay the amount of their shares of the deficiency; the only question was the amount. The amount was fixed at $220 for each guarantor to pay on the settlement. Defendant did not agree that his liability on the guaranty was $220. The beneficial plaintiffs gave their obligations to the railroad company for between $7000 and $8000; the company accepted it; $3700 were paid in cash, and the company accepted the note of the beneficial plaintiffs for the balance as cash; the company never assigned the guaranty to the beneficial plaintiffs.

J. E. Herr, one of the beneficial plaintiffs, testified that the defendant agreed to pay whatever the amount might be, whenever they were satisfied what it was; it was ascertained his quota would be $230.

There was other evidence that the beneficial plaintiffs had paid the deficiency in the $45,000, and that " every exertion was made to collect to the stock."

The defendant gave in evidence the record of a suit, plaintiff against Abraham Mensch, originally before a justice of the peace, showing that the same breaches were alleged in that suit as in this, and judgment against Mensch, as set out in the plea.

Plaintiffs, in rebuttal, gave evidence that Mensch made no defence in the suit before the justice against him, but an appeal was taken.

The court instructed the jury to find for the defendant; the jury so found.

The plaintiffs took a writ of error and assigned this instruction for error.

*G. F. Miller*, for plaintiffs in error.

*W. Van Gezer* and *J. W. Comly*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 8th 1875.

If we are to decide this cause on strict technical rules, as we have been earnestly urged to do, in order to show that there is still such a thing as special pleading in Pennsylvania, this judgment must be reversed. The plaintiffs declared upon a joint and several bond, executed by the defendant below with others, guaranteeing to them good and valid subscriptions to their stock to the amount of $45,000, to be applied in a certain way, and alleging a breach. To this the defendant pleaded in bar that the plaintiffs had sued upon the same bond another of the obligors, one Abraham Mensch, and recovered a judgment thereon for the sum of $74.43, and that said judgment had been paid and satisfied. To this plea the plaintiffs filed a replication, admitting the judgment, but averring that the beneficial plaintiffs—two of whom were co-obligors—had advanced the money to the railroad company, and that the other solvent obligors had agreed that the bond should stand for the use of the beneficial plaintiffs, to recover thereon their several proportions— the defendant and other obligors assenting and agreeing thereto; that Abraham Mensch also was a party to this agreement, and the judgment pleaded was for so much of his share of this deficiency as remained unpaid. There was no rejoinder to this replication. In strictness then there was no issue to be tried by the jury. But the parties chose to go to trial on the pleadings without a formal issue, and in this state it is settled that an omission to compel the opposite party to perfect the pleadings beforehand, is a tacit agreement to waive matters of form, and try the cause on the merits, just as going to trial on a short plea is, according to our practice, a waiver of the right to demand a plea in full form : Sauerman v. Weckerly, 17 S. & R. 116; Collum v. Andrews, 6 Watts 516. The plaintiffs then could not ask this court to reverse on this ground. And neither can the defendant set up the imperfection or defects of the pleading, all which he has waived by going to trial on the merits. He contends now that the replication was a departure from the declaration. Concede that it was—that it was a new cause of action—he might have demurred on that ground. But who ever heard of a departure in pleading being set up as a defence upon a trial before the jury? The case stood as if the replication had been the original declaration, and the defendant having gone to trial without a plea, it was a tacit agreement to try on the merits; in other words, a general traverse. Is it to be doubted then, that, had the declaration been in debt upon a special agreement by the obligors with the beneficial plaintiffs, that each of them should pay their proportion of the deficiency, and alleging what the deficiency was, the judgment against Abraham Mensch, one of those co-obligors, for his proportion of that de-

27 P. F. SMITH—22

[Lewisburg, Centre & Spruce Creek Railroad Co. *v.* Stees.]

ficiency, would have been no bar to a recovery against Sámuel Stees, another of them? Yet, that was the issue, as it must be now regarded to have been before the jury. There was certainly evidence which went to support the allegations of fact in the replication. The record of the suit against Mensch showed that it was for what remained unpaid of his share of the deficiency. True, the suit was in the name of the legal plaintiffs, the obligees in the bond; but as the proceeding was commenced before a justice of the peace, that did not determine its true character under the Act of the 20th March 1810, which provides, that on an appeal "the case shall be decided on its facts and merits only; and no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action shall prejudice either party in the court to which the appeal shall be made: Comfort *v.* Leland, 3 Whart. 81. We think, therefore, that the learned court below erred in instructing the jury to find for the defendant. As the case goes back for another trial, it will be well for the counsel of the plaintiffs below to have the record put into the proper shape, as the power of amendment now possessed by the courts, both as to the form of the action and the names of the parties, will enable them to do.

Judgment reversed and *venire facias de novo* awarded.