## James L. Gorman, Appellant, *v.* W. D. Bigler, Executor of John W. Gorman, deceased.

*Evidence—Stating objections to admission waives those not stated.*

Where a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived.

*Contract—Cause of action—Question of fact.*

Evidence disclosed a judgment on a mortgage including costs and commissions and a sheriff's sale to the mortgagee; the mortgagor sued the mortgagee on an agreement to waive the cost, etc., if the mortgagee, plaintiff, procured a purchaser for the property for face of debt and interest. *Held,* that the evidence disclosed facts and circumstances from which a valid contract could be inferred and that a good cause of action was made out. The question was one purely of fact for the jury.

*Practice, C. P.—Trial on merits—Pleading—Demurrer—Verdict.*

A case having been submitted by the parties on the testimony touching the merits of the plaintiff's claim and given to the jury on that testimony with suitable instructions, it is too late to object on appeal to the declaration, on the ground of informality or inadequacy; this should have been done in the established way by demurrer. In the case at bar the issue as joined required proof of a defectively stated contract, and, after a trial on the merits, omissions in the declaration will not defeat the verdict.

Argued Feb. 15, 1898. Appeal, No. 13, Feb. T., 1898, by plaintiff, from judgment of C. P. Clearfield Co., Feb. T., 1894, No. 61, on verdict for defendant on point reserved. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit.   Before GORDON, P. J.

The facts sufficiently appear in the opinion of the court.

The jury found a verdict for plaintiff for $490.99, also the following special verdict: "And further we find as a special verdict that the demise or bequest made to James L. Gorman by the last will and testament of John W. Gorman was on November 8, 1892, the date of the probate of the will of said John W. Gorman, equivalent to and of the value of $540.78."

The court below on motion entered judgment for defendant non obstante veredicto on the question of law reserved by the court.   Plaintiff appealed.

*Errors assigned* were (1) in deciding in their opinion on the motion for judgment in favor of defendant non obstante veredicto "that plaintiff's only right was to recover under the contract and cause of action set out in the statement.   The defendant, being an executor, could only be called upon legally to defend against the claim as thus pleaded and had no notice of any intention to make proof of claim under a different contract. And while it is true plaintiff, on application, would have been granted leave to amend, no such request was made."   (2) In deciding in their opinion upon the motion for judgment non obstante veredicto, as follows:   "There was scarcely sufficient evidence of the existence of a contract with a consideration binding upon the decedent to justify submitting the case to the jury, apart from the question of the sufficiency of the statement."   (3) In holding in their opinion upon the motion for judgment non obstante veredicto, as follows:   "So that while the jury in rendering verdict for plaintiff must have found that a valid contract was entered into, yet as no such contract was in fact either pleaded or proven, the case could have been withdrawn from the jury by binding instructions to find for defendant and the matter must now be corrected by entering judgment for defendant on this motion."   (4) In holding in their opinion upon the motion for judgment non obstante veredicto, as follows:   "There is considerable force in the position that if the contract was made as claimed by plaintiff, it was a satisfaction of the judgment as to the costs and attorneys' commissions, and the remedy was by an application to the court to have it so marked of record."   (5) In making

the following order upon the motion for judgment non obstante veredicto : " Therefore, now February 9, 1897, in accordance with the foregoing views, the rule in this case is made absolute and it is ordered, adjudged and decreed that judgment be entered in favor of defendant non obstante veredicto upon the first legal question reserved."

*S. V. Wilson*, for appellant.—The court below erred in holding that any insufficiency in plaintiff's statement is cause for setting aside the verdict or entering a verdict now in favor of the defendant non obstante veredicto : Act of March 14, 1872, P. L. 25 ; Chapin v. Iron Co., 145 Pa. 478 ; Fire Works ·Co. v. Polites, 130 Pa. 536.

Where plaintiff's statement is ·deemed insufficient it must be demurred to. A trial on the merits cures the defects : Eckert v. Schoch, 155 Pa. 530 ; Grohmann v. Kirschman, 168 Pa. 189.

If there was any evidence which alone would justify an inference of the disputed facts upon which plaintiff's right to recover rests, it must .be submitted to the jury : Bucklin v. Davidson, 155 Pa. 362.

The consideration shown on the evidence in this case was sufficient : Austyn v. McLure, 4 Dallas, 226 ; Hind v. Holdship, 2 Watts, 104 ; Kidder v. Boom Co., 24 Pa. 193 ; Harlan v. Harlan, 20 Pa. 303.

A benefit incurred from service rendered, though purely voluntary, is sufficient consideration to support an express promise : Ins. Co. v. Whitney, 70 Pa. 249.

*Frank Fielding*, with him *Geo. R. Bigler*, for appellee.—The allegata and the probata were fatally at variance and the defendant's first point should have been affirmed : .Ryder v. Jacobs, 182 Pa. 620.

A promise to give up something which the promisor is legally entitled to, without consideration to support it, is void, and cannot be enforced at law : Patterson's Appeal, 116 Pa. 8.

Money voluntarily paid upon a claim of right cannot be recovered back, however unfounded such a claim may afterwards turn out to be : Gould v. McFall, 118 Pa. 455.

Where a legal obligation exists, cumulative promises to perform it, unless upon a new consideration, are a nullity : Wimer

v. Worth Twp., 104 Pa. 317.   See also Walstrom v. Hopkins,
103 Pa. 218; Shorb v. Shultz, 42 Pa. 207.

A legacy to a creditor which is equal to or greater than his
debt, and which is not contingent or uncertain, is presumed to
be a satisfaction of the debt: Wesco's Appeal, 52 Pa. 195.

OPINION BY SMITH, J., October 10, 1898:

This action was brought to recover the amount of attorney's
commissions and costs which had been collected on two judg-
ments wherein John W. Gorman was plaintiff and James L. Gor-
man was defendant.   Those judgments were entered by the
plaintiff on judgment notes without the intervention of an attor-
ney, and no professional services were required until executions
were issued.   The items for which suit is brought were believed
by James to be exorbitant, and he instructed his attorney, Mr.
Swope, to object to them at the time the executions were issued.
The attorney had a conversation with John in relation to the
matter and the latter said : " If James could make an arrange-
ment to get his money, get somebody to furnish the money, that
he [John] would be willing to pay the costs and expenses.   All
he wanted was his money."   This the attorney promised to try
to do; and thereupon James endeavored to find a purchaser for
the real estate which had been seized under the executions.
Afterward, through the efforts of James, a sale of the land to Gen-
eral Patton was effected, and the debt, interest, costs and attor-
ney's commissions due on both executions were paid to John.
At the time this money was paid General Patton reminded him
of the concession he was to make to James and proposed to de-
duct the amount and make a check to John for the difference,
but the latter said, " No; I will settle with James for that."
General Patton testified that James induced him to purchase the
property, saying : " I did not want to take the property, but
James urged me very much, and said he would be benefited.
. . . . I wouldn't have bought it if James L. Gorman hadn't
asked me to do so."

There can be no reasonable doubt, under the evidence, that
the attorney's commissions and costs on those judgments were the
items to which James objected.   They were the subject of the
conversation between John and Mr. Swope, and were the only
matters in dispute between the parties.   While the evidence on

this point was not as full as it might have been, owing to the death of John and the consequent incompetency of James as a witness, there was sufficient testimony presented to require its submission to the jury. The finding in favor of the plaintiff was set aside by the court on a reserved question and judgment was entered for the defendant notwithstanding the verdict. The ground of this action by the court seems to have been that, inasmuch as the costs and commissions were due and owing, the alleged agreement to refund them to the plaintiff was without consideration and cannot be enforced. Further objection to recovery by the plaintiff is based on want of mutuality in the contract set out in the declaration ; that while it is averred that the defendant promised to pay these moneys to the plaintiff, "there is no allegation that the plaintiff was to do anything under the contract, nor that he did do anything under it, or that he was obliged thereby in any way; nor does it show any con-. sideration or inducement to the decedent."

With the plea of non assumpsit entered for the defendant, the case was tried on the merits in the usual manner. Oral testimony showing the transaction, including proof of matters omitted from the declaration, was given on the trial without objection. The question of the sufficiency of the plaintiff's declaration was not properly raised in the court below, so far as this record shows, and its adequacy in form or substance was not embraced in the points reserved for determination by the court. No issue on the sufficiency of the pleadings was presented. The case was submitted by the parties on the testimony touching the merits of the plaintiff's claim, and was given to the jury on that testimony, with suitable instructions. If it was intended to object to the declaration on the ground of informality or inadequacy, this should have been done in the established way, by demurrer: Bradly v. Potts, 155 Pa. 418. The issue as joined necessarily required proof of the defectively stated contract, and, after a trial on the merits, omissions in the declaration will not defeat the verdict: Quick v. Miller, 103 Pa. 67; Barker v. McCreary, 66 Pa. 162; Arons v. Smit, 173 Pa. 630. The court erred, therefore, in holding that "the plaintiff's only right to recover was under the contract and cause of action set out in the statement," and that "under the pleadings and evidence the plaintiff could not recover." By entering the plea

of non assumpsit and proceeding to trial on the merits, and awaiting the verdict, the defendant waived the right to assail the pleadings. The evidence submitted disclosed a good cause of action. As to the testimony to which objection was made, and a bill of exceptions sealed, it was clearly admissible for the purposes for which it was offered; and it is a familiar principle that "where a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived:" Messmore v. Morrison, 172 Pa. 300.

The defendant's points, presented, of course, after the evidence was closed, could not have been affirmed. The evidence showed facts and circumstances from which a valid contract could have been inferred. The jury could reasonably conclude from the evidence that John W. Gorman desired his money rather than the property, and had agreed to pay the amount of the costs and expenses to the plaintiff for procuring the money by a sale of the land. The evidence did not show that this agreement was to terminate on the sheriff's sale. On the contrary it appears that both parties co-operated in its consummation thereafter. From the sheriff's sale to the time of the sale to General Patton the property belonged to John, and the services of James touching the latter sale were necessarily rendered for John. For these services the jury have found that John agreed to pay; and this question was purely one of fact for their exclusive determination. With this conclusion, it is unnecessary to discuss matters of practice suggested by these proceedings. The defendant's fourth point, which formed the second reserved question, was properly overruled.

Judgment reversed, and judgment is now entered in favor of the plaintiff for $490.99 as found by the jury with interest from the date of the verdict.