# Insurance Company *against* Seitz.

Defects in a declaration such as may be taken advantage of by special demurrer, are cured by a trial and verdict on the merits.

**ERROR** to the District Court of *Allegheny* county.

Frederick Seitz against The Firemen's Insurance Company. This was an action on the case founded upon the renewal of a policy of insurance against fire. The question arose upon the

IV. — 35

[Insurance Company v. Seitz.]

sufficiency of the plaintiff's declaration, and principally as to the second count, which was as follows :—

"And the said Frederick Seitz further complains for that, whereas, heretofore, to wit, on the 22d day of October 1840, at the county aforesaid, the aforesaid 'The Firemen's Insurance Company, in consideration that the said Frederick Seitz would then and there pay unto the said company the sum of $20, that the said company would insure the aforesaid property, situate as aforesaid, against all damage and loss by fire, which might or should happen to said property or buildings, from the said 22d day of October 1840, till the 22d day of October 1841, at noon. And the said Frederick, in fact, saith that he did then and there, to wit, on the 22d day of October 1840, at the county aforesaid, pay the said sum of money, to wit, $20, to the said company as a premium for so as aforesaid insuring the aforesaid buildings, against loss and damage by fire. And the said Frederick further saith, that the said buildings were injured, damnified and hurt, during the continuance of said insurance, to wit, on the 12th day of April 1841, to a large amount of money, to wit, to the sum of $1000, at the county aforesaid. And the said Frederick Seitz further saith, that by means thereof, the said 'Firemen's Insurance Company,' on the 1st day of July 1841, at the county aforesaid, was indebted to him in the sum of $1000, lawful money. And being so as aforesaid indebted, the aforesaid The Firemen's Insurance Company, in consideration thereof afterwards, to wit, the day and year last aforesaid, at the county aforesaid, upon themselves did assume, and unto the said Frederick Seitz then and there faithfully promised that they, the aforesaid company, the aforesaid sum of $1000 unto the said Frederick, when thereto afterwards they should be required, would well and truly pay and content. Nevertheless, &c."

*Dunlop*, for plaintiff in error, argued that there was no cause of action set out in the plaintiff's declaration. The action was founded upon the allegation that the plaintiff *was insured against loss by fire.* It is therefore essential that he should make the averment of that fact in his declaration. His action being *assumpsit*, is necessarily founded upon an express promise, or *facts* from which a promise may be inferred. 1 *Chit. Pl.* 215, 216, 255. From the averments in this declaration, there is no necessary implication that the buildings were damnified by fire, and it is only in such cases that the trial and verdict cure the defect. 12 *East* 95; 17 *Johns.* 456; 5 *Serg. & Rawle* 358; 10 *Ib.* 303; 11 *Ib.* 193, 351; 13 *Ib.* 186; 16 *Ib.* 150; 2 *Binn.* 287; 10 *Watts* 245; 1 *Watts* 408; 5 *Binn.* 53; 1 *Serg. & Rawle* 202.

*Hampton, contra.* Whether the declaration be defective or otherwise, cannot now be inquired into if there be a cause of ac-

tion set out. It is cured by the trial and verdict upon the merits. The principle is clearly settled that the party must try his cause in the court below. If the declaration be fatally defective, he may demur to it; if it be defective in form, he may demur specially; or he may waive this and try upon the merits: he may and will be presumed to have waived the right to demur specially when the only benefit he could derive from it would be the delay occasioned by an amendment; but having waived it and tried his cause upon the merits of his defence, he cannot avail himself here of an alleged error never presented to the court below. 17 *Serg. & Rawle* 250; 4 *Whart.* 498; 15 *Johns.* 253; 1 *Johns.* 276; 2 *Johns.* 571; 1 *Chit. Pl.* 319; 4 *Yeates* 426; 7 *Serg. & Rawle* 310; 10 *Watts* 265; 13 *Serg. & Rawle* 46; 9 *Serg. & Rawle* 23.

The opinion of the Court was delivered by

HUSTON, J.—By our system of jurisprudence, a defendant who is sued in court sees what is the claim of the plaintiff set out in his declaration. To this declaration the defendant may file a general demurrer, if he thinks no legal claim is stated in the declaration; or he may file a special demurrer, if he supposes the case of the plaintiff is informally or defectively stated in the narr. By a great number of Acts of Parliament before this country became independent, and by some enactments of our legislature, it has been attempted to provide that all objections which would be the subject of special demurrer should be made before the issue on disputed facts was made up and tried, or if not made then, should not avail after a trial and verdict. If there be no demurrer, the defendant denies the demand of the plaintiff, or states some facts which he alleges should prevent the recovery of the plaintiff; and the truth of the facts stated by the parties is to be decided by the verdict of a jury. During the trial, it happened that the testimony adduced did not in all respects agree precisely with the narr. or plea, and this was a reason why the evidence was rejected; and the case was decided on the diligence and skill of the pleader, and not on the rights of the parties or justice of the case. To remedy this, our Act of 20th of March 1806 was passed, which provides, " In all cases where any suit has been brought in any court of record in this Commonwealth, the same shall not be set aside for informality, if it appears that process was issued in the name of the Commonwealth against the defendant, for moneys owing and due, or for damages by trespass or otherwise, as the case may be; that said process was served on the defendant by the proper officer in due time. Nor shall any plaintiff be nonsuited for informality in any statement or declaration filed, or by reason of any informality in entering a plea; but where, in the opinion of the court, such informality will affect the merits of the cause, the plaintiff shall be permitted to amend his narr. or statement, and defendant may alter his plea or defence, on or before the trial of the cause"—

with a provision to continue the cause and discharge the jury, if either party is taken by surprise by the amendments allowed.

There is, I believe, a statute in England, that after a trial and verdict on the merits and judgment thereon, the case shall not be reversed for any error in form or substance in the declaration, plea or issue. Perhaps something to the same effect is to be found in the decisions of the courts. It has been decided in New York, Massachusetts, the Exchequer Chamber on Error, and in this State, that a case will not, after trial and verdict, be reversed, because there was neither plea nor issue, and only a declaration with blanks as to sums and dates. 17 *Serg. & Rawle* 116. And we meet every term with cases to be tried, and which have been tried, without narr., plea or issue, by consent of counsel. We have all read and heard much on the necessity of forms in legal proceedings, and of the disastrous consequences which must follow, if the old forms are not adhered to. That some forms are necessary in the administration of justice, will be admitted by every one; but that the ancient writs, forms of declaration, and pleas of the common law of England, are essential to the administration of justice, may be doubted, when we know that all the rest of the world not only do without them, but that in England itself more than half the forms of action, after having been out of use, have been abolished; and that the forms of declarations and pleas in those retained have, by the concurrent action of the Parliament and courts, been essentially changed. No man dares at this time appear in any English court with the common counts in *assumpsit* for an arbitrary sum due, at an arbitrary date, and ask a recovery for his client. At present we must take the forms and the law as they have been held and practised here.

The paper-book gives the declaration consisting of two counts, the plea of *non assumpsit*, issue and verdict, and judgment for the plaintiff, for $500. In his abhorrence of want of form, the counsel attacked his clients the Insurance Company for continuing the insurance each year by a receipt on the policy for the premium, and not making out a new policy each year, or on each change of owners; but as this company have followed the practice of London and our large city insurance companies, I pass that. The only assignment of error is—" There is no cause of action set forth in the declaration." The objections to the declaration were such as were proper on special demurrer; and, to be more particular, that it recited the clause " unless the said company shall within 30 days after the proof of such damage give directions for restoring said property to as good condition as it was before it was injured by fire, or should make good the damage or loss by paying therefor according to the estimate thereof, to be made by arbitrators indifferently chosen;" and did not state that the company had not given orders to repair or offered to choose arbitrators.

[Insurance Company v. Seitz.]

To the second count the objections were, that instead of stating that the company agreed " to make good and satisfy to the insured, all such damage as may happen by fire to the premises mentioned," it stated that the company " would insure the aforesaid property against all damage and loss by fire." It may be answered to this, that it has not yet been decided that there is any difference between the meaning of the two expressions.

The next objection is, that after stating that he paid the premium for so as aforesaid insuring against damage by fire, on the 12th of April 1841, " during the continuance of said insurance, the said buildings were injured, damnified, and hurt," &c.; and it is not said " by fire." The counsel had opened his case by stating that the company alleged the plaintiff below had himself set fire to the buildings; that the cause had gone to the jury on that ground, and they had found against the company. A motion for a new trial was made and refused. Instead of going through the cases cited, I shall refer to only two in which all that is necessary is settled. As to the first count, the right of action accrued from the undertaking of the company, the payment of premium by the insured, and the loss by fire. The directions to repair were to be given by the company, or the appointment of arbitrators to be proposed by them, and it was matter of defence to be alleged by them; and after verdict it must be taken it would not have availed them; or that the plaintiff was not in default. 1 *Term Rep.* 645. In 10 *Watts* 269, this matter of the want of averments in the declaration and the effect of a verdict, was before this court. " Instead of making any objection to the sufficiency of plaintiff's declaration, the defendant pleaded in bar, and took the chance of a verdict of a jury which was found against him. The general rule established by all the cases seems to be, that after verdict, if the issue joined be such as necessarily to require on the trial proof of the facts defectively stated *or omitted*, and without which it is not to be presumed that the Judge would direct or a jury have given such verdict, such defect, imperfection or omission is cured by the verdict at common law."

I will add, that no case could more strongly show the propriety of this decision. This count must, on application, have been amended by inserting the words " by fire;" for in actions on contract, as long as the plaintiff adheres to the original instrument or contract on which he sues, an amendment making an alteration of the grounds of the recovery on that instrument or contract, or the modes in which defendant has violated it, is admissible. *Coxe* v. *Tilghman,* (1 *Whart.* 282). But on the trial it was admitted the buildings were injured by fire, and the question was whether that fire was kindled by the person insured or by some other person.

                                              Judgment affirmed.