S. P. C. SHELTON v. D. D. DAVIS.

That there may be some certainty in judicial proceedings, the Supreme Court will not for a moment entertain the consideration of a judgment in favor of a plaintiff given upon a state of facts not alleged in the complaint, and inconsistent therewith.

(C. C. P., Secs. 128, 129 and 130.)

CIVIL ACTION, commenced in Jackson county and removed to Haywood county, upon affidavit, where it was tried by *Cannon, J.,* at Fall Term, 1872.

His Honor states, that the counsel in the case being unable to agree upon the facts evolved, he adopts the following and transmits it as the " case stated :"

" The action is in the nature of the old action of *assumpsit ;* the allegations of the complaint are denied by the answer, which also contains allegations of new matter.   A reply was filed by the plaintiff denying the allegations of new matter set up in the answer.   The defendant's counsel ask the Court to charge the jury that if they found from the testimony that the defendant did not sell the lands as agent for the plaintiff, and that he had renounced his agency, and afterwards purchased the lands for the use of himself and the other vendees named in the deed, that unless there was some note or memorandum in writing signed by the defen-

dant showing some part of the purchase money to be due, the plaintiff could not recover, it being contrary to the provisions of the Statute of Frauds, although the defendant might have verbally promised to pay the same.

His Honor declined so to charge the jury, and added that he did not think the pleadings raised that question, as it seemed the plaintiff had brought suit for money alleged to have been received by the defendant to plaintiff's use. Defendant excepted.

After the case had been given to the jury and they had retired to make up their verdict, they returned into Court, and stated they desired to ask a question of one of the witnesses. The Court remarked that the jury might ask the witness anything with regard to what he had stated on his examination before. The jury said that the question they desired to ask would bring out new matter. The Court, upon reflection, allowed the jury to ask the question notwithstanding. The question was accordingly asked, which brought out new matter, not before spoken of by the witness. The defendant objected, and insisted that the jury had no right to ask any question of the witness calling out a fact not already deposed to, unless by consent of parties. After the question had been answered by the witness, the Court, upon consideration, excluded the answer to the question from the jury, and stated to the jurors that in making up their verdict not to consider the answer as part of the evidence. Verdict for the plaintiff. Rule for a new trial. Rule discharged. Appeal by defendant.

*Merrimon, Fuller & Ashe,* for appellant.
*Battle & Son,* contra.

1. There appears on the record an objection to the verdict as it was at first found, and then to its being amended. We think there is no doubt of the power of the Court to have

the verdict amended, particularly as it does not appear that amendments was made in the absence of the jury. The amendment consisted in nothing but the dividing of 650, the number of the acres of land by 4, and getting the result $162.50 with interest from a certain time which was mentioned in the verdict.

2. But if the verdict had remained unamended it would have supported the judgment. See *Merrimon* v. *Norton*, 67 N. C. Rep. 115.

3. Neither of the objections appearing on the bill of exceptions amount to any thing after the land had been sold; the obligation of the agent to pay the price which he had got for it to his principal certainly did not require the aid of the Statute of Frauds to enforce it. No authority need be cited for this. The cases cited for the defendant do not apply.

4. It was discretionary with the Judge to permit the jury to ask the question which they did, and the exercise of that discretion cannot be reviewed in this Court. *Parish* v. *Fite,* 2 Mass. 256 S. C.; 1 Car. Law Rep. 238; *Kelly* v. *Goodbread,* N. C. T. R. 28; *State* v. *Rush*, 12 Ired. 38. But if the Judge committed a mistake he immediately corrected it.

PEARSON, C. J. No one can read the record in this case without being painfully impressed with the connection that if it becomes a precedent, there will be an end to all certainty in judicial proceedings. *The complaint* alleges that the defendant, as the agent of plaintiff, sold a tract of land to A, B and C, and to the defendant, he taking one-fourth for the price of $800, which he received and failed to pay over, and demands judgment for $800, minus $325 paid.

*The answer* admits that defendant at one time held a power of attorney to sell the land, but avers it was surrendered, and afterwards, the plaintiff sold the land to A, B and C, and the defendant, and executed a deed therefor, reciting a

consideration of $800, the receipt of which sum is acknowl-edged in the deed, and goes into an explanation to the effect that defendant by joining with A, B and C, effected a sale to them and himself at the rate of $1 per acre, received of them $327, which he paid to plaintiff, and thereupon plain-tiff executed a deed to A, B and C and the defendant, setting out $800 as the consideration, which was done to enable A, B and C to resell at an advantage. The answer then avers by way of further explanation than when the deed was executed the plaintiff and the defendant had a private understanding that defendant was to pay nothing, but was to reconvey to the plaintiff one-fourth of the land, and was to be paid commissions for having effected a sale to A, B and C of the other three-fourths.

The jury on the ruling of his Honor that the alleged agreement that defendant was to pay nothing, but was to reconvey one-fourth of the land was void under the Statute of Frauds, (not being in writing) find that the defendant owes the plaintiff twenty-five cents an acre for the land conveyed, amounting to $162.40, treating him as a pur-chaser with A, B and C at the rate of one dollar per acre.

So we have a case when the complaint is passed over as amounting to nothing, and the plaintiff has judgment on a part of the answer, the other part being held void on the Statute of Frauds.

Without this explanation taken from the statement of the case, no one could understand how it happened that a plaintiff on a demand of judgment against the defendant as agent for $800 *received by him* should have a judgment for one-fourth of the value of the land at one dollar per acre. Very certainly should the plaintiff bring another action for the $800 received by the defendant as his agent; the plea of " former judgment for the same cause of action" would be of no avail without a vast deal of explanatory matter.

The very interesting questions agreed at the bar are not

presented by the case, for we have not a vendor who *has executed a deed*, calling upon the vendee for the price, but we have a supposed vendee, alleging a private verbal agreement by which he was to reconvey his part and pay nothing.

We will not decide whether this case comes under the Statute of Frauds, or whether the defendant is not concluded by the rule, "a man must come into Court with clean hands," for the idea of giving the plaintiff judgment upon a state of facts not alleged in the complaint and entirely inconsistent with it, whatever may be said in regard to the progress of the age, and the liberal and enlarged views of C. C. P., is a proposition which no member of this Court can for a moment entertain.

The plaintiff before or during the progress of the trial ought to have made "issues of fact," or requested the Judge to direct the jury to make a special finding, so as to enable him to move to amend the pleading to make it conform to the facts found.

Under C. C. P., secs. 128, 129, 132, a plaintiff may sue for a horse and recover a cow (which Blackstone treats as an absurdity) ; but in order to this when the variance appears, the plaintiff must obtain leave to amend by striking out "horse" and inserting "cow," or else the jury must find the facts specially, or the case must be submitted to the jury "on issues," so that the pleading may be amended and be made to conform to the facts proved on such terms as the Judge may deem proper "unless the amendment effects the merits and substantially changes the claim or defense."

Should his Honor think it proper to allow the necessary amendments so as to let the complaint be for one-fourth of the price of the land at one dollar per acre and judgment accordingly for $162.40, the case will then be in a condition to be brought up to this Court by appeal for a review of the ruling as to the Statute of Frauds, otherwise judgment must be arrested, and the plaintiff left to bring another

action if so advised. The question will then be, can the plaintiff have judgment on a part of a verbal agreement, and exclude the other part of it?

Error.

PER CURIAM.                         Judgment reversed.