JOHNSTONE JONES v. A. T. MIAL and others.

*Action for Breach of Contract—Pleading—Complaint.*

1. Where the plaintiff entered into a special contract with the defendants to publish a newspaper upon certain terms, the defendants agreeing to furnish him one thousand subscribers by a certain day, and defendants having failed to furnish the same, the plaintiff suspended the publication of the paper; *Held*, that the plaintiff was under no obligation to go on with the paper but was authorized in law to treat the contract as rescinded, and is entitled to recover for his losses sustained by the non-performance of the stipulations on the part of defendants, upon the promise or obligation implied by the law in such cases, on what are called the common counts in *assumpsit.*

2. In such case where the plaintiff's complaint set out the facts and asked relief as upon an action on the special contract; *Held*, that upon the ruling of the court below that he could not recover on the special contract, the plaintiff was entitled to proceed with the case and recover his damages as on the common counts in general *assumpsit* without any amendment of the pleadings.

(*Winstead* v. *Reid*, Busb., 76; *White* v. *Brown*, 2 Jones, 403; *Oates* v. *Kendall*, 67 N. C., 241, cited and approved.)

PETITION to Rehear filed at January Term, 1879, and heard at January Term, 1880, of THE SUPREME COURT.

The plaintiff in his petition assigns as cause of error that the court in its decision held that he could not recover on the cause of action as stated in the complaint without an amendment thereof. The action was brought to recover

damages for an alleged breach of contract in not furnishing a certain number of subscribers to sustain the publication of an *Agricultural Journal.* See same case, 79 N. C., 164.

*Messrs. Merrimon & Fuller,* for plaintiff.
*Messrs. E. G. Haywood* and *J. B. Batchelor,* for defendants.

DILLARD, J.   On the trial of this case in the court below, after the plaintiff closed his evidence the judge ruled that the stipulations contained in the written contract were dependent, and those on his part not being performed, he could not recover on the special contract, but that the measure of his damages was the value of his services in attempting performance of the contract and the amount expended by him over and above the sum received from the list of subscribers furnished him.   In submission to this opinion the plaintiff asked to be allowed to introduce further evidence as to the amount of damages.   This was refused, but the court offered to allow him to amend the complaint if he thought proper, so as to declare in general *assumpsit,* which was declined by plaintiff and thereupon he took a nonsuit and appealed.

Upon the appeal, this court affirmed the ruling of the court below as to the inability of the plaintiff to recover on the special contract, and declined to express any opinion as to his right of recovery on the common counts in *assumpsit,* on the ground that that point was not presented, inasmuch as the plaintiff did not ask such relief and refused the liberty of amending his proceedings when offered him by the court, insisting, say the court, upon the damages stipulated in the special contract, or nothing.

In the judgment of this court, the plaintiff in his petition to rehear assigns error, in that, the court held that he could not recover *on the cause of action as stated in the complaint without an amendment thereof.* We do not understand from the

petition that any complaint is made of the affirmation of the ruling of His Honor as to the inability to recover on the special contract. On that part of the opinion of this court, therefore, we will bestow no consideration, but pass that point as finally adjudged. But the grievance is, that after the intimation of opinion by His Honor that plaintiff could not recover on the special contract, but might in general *assumpsit*, the plaintiff offered to introduce further evidence as to his damages in that view of the case, and the court refused it unless he would first amend his complaint so as to declare on the implied contract; whereas the plaintiff insists there were sufficient facts well pleaded to authorize a recovery without any amendment of his pleadings. Manifestly the question of the sufficiency of the facts stated in the pleadings to allow of the admission of the offered evidence and a recovery as in general *assumpsit*, was one of the questions brought up by the appeal. And yet the opinion filed, from inadvertence or a misconception of the true import of the case of appeal as it seems to us, does not consider or decide that question; but assuming an amendment to be necessary, proceeds on the idea that the plaintiff contemptuously insisted on his right to damages on the special contract or not at all, after a ruling against him on that point. So the legal question heretofore before the court and not passed on, was, and now before us on the petition to rehear, is, whether the plaintiff could, upon the facts pleaded and embraced within the issues and the evidence in support thereof, have any relief as in general *assumpsit*, for his services, expenditures and losses, so far as he went in the performance of his contract, *without* an amendment of the pleadings. The plaintiff's position is that he could recover, and that *without* amendment. The ruling of His Honor was that he could recover, but *not without* the required amendment.

The questions then for our determination are, first, was

the plaintiff in law entitled to recover at all in general *assumpsit*, the special contract with its dependent stipulations being unperformed on his part? and secondly, if so entitled to recover, was he entitled to that relief on the case made by the complaint and the facts embraced within the issue joined on the pleadings?

As to the first point : It is our opinion that the plaintiff had the right to maintain his action and succeed therein on the common counts in *assumpsit*. It is well settled upon authority and reason, that in case of a contract with dependent stipulations so long as the same are in force a party must recover on it, if at all, and no action in general *assumpsit* as upon a *quantum meruit* will lie for anything done under it. But if the contract is put an end to by mutual consent, or one of the parties has done some act inconsistent with his duty to the other, preventing or disabling him to go on in the performance of his engagements, the party not in fault may hold the special contract as abandoned or rescinded and at once proceed in general *assumpsit* upon a liability implied by the law for remuneration for what he may have done under the contract. *Winstead* v. *Reid*, Busb., 76 ; *White* v. *Brown*, 2 Jones, 403. See also Am. Ed., 2 Smith's Leading Cases, notes to *Cutter* v. *Powell*.

On reference to the record and accompanying case of appeal, the facts were that the plaintiff began and continued the publication of the *Agricultural Journal* from the first day of August, 1876, up to the 25th of October next after, in exact accordance with the stipulations of the special contract on his part. And that defendants, who were to have furnished one thousand paid-up subscribers at two dollars each by the first of October, failed to furnish that number, but furnished only one hundred and seventy-four. That plaintiff thereupon called on defendants and requested a compliance with this engagement on their part, notifying them at the time he was out of means and would have to suspend

the publication unless they complied with this tenor of their contract, or at least furnish him so much as six hundred dollars towards the deficient subscribers. It was averred in the complaint and deposed to by plaintiff on the trial, that defendants having failed to furnish the subscribers or to advance anything on that account, the plaintiff was compelled by act of defendants to suspend ; and he did suspend the issue of the paper on the 25th of October, 1876, and thereby incurred heavy loss in the particulars mentioned in the complaint.

Upon these facts under the principles of law above enunciated, the plaintiff was under no obligation to go on with the publication of the paper, but was authorized in law to suspend and hold the contract rescinded, and to recover for his losses sustained by the non-performance of stipulations. on the part. of defendants; and for this purpose he might maintain an action, if not on his special contract, at least upon the promise or obligation implied by the law in such cases on what are called the common counts in *assumpsit*. This is as it should be in law, and it is equally consistent with reason and justice. The plaintiff undeniably performed the undertaking on his part without complaint until after the day when defendants were to furnish the paid-up subscribers, and obviously the means thence to be derived were relied on, and in fact necessary in the carrying on of the enterprise. The defendants failing in this particular, the plaintiff was without blame in ceasing, as remarked by the Chief Justice in his dissenting opinion, (reported in 79 N. C.) from all further fruitless efforts to continue the publication of the paper. Certainly the defendants should not be allowed to create to plaintiff the necessity to discontinue the paper by their wrongful act, and then urge such discontinuance as a ground of exemption from making compensation to the plaintiff for his losses occasioned by them. The plaintiff being entitled to recover

as on the common counts in general *assumpsit*, it remains to·
inquire,

As to the second point : Was he entitled to make recovery
on the case as it was, or only after amendment of his plead-
ings as ruled by the court ?   In our opinion there was error·
in the requisition of amendment by His Honor before he·
would admit any evidence in the view of the defendants'·
liability as in general *assumpsit*.   The plaintiff was entitled
to have had his evidence received and the case proceeded
with, as it seems to us, upon the case as it was and without
any amendment of the pleadings.   Under our former system,
the practice was in declaring to proceed on the special con-
tract and also in other counts, called the common counts, so
that if unable to recover on the special *assumpsit*, relief might
be had on some of the counts in general *assumpsit* on the·
implied promise or obligation.   And it is true that if the·
plaintiff under that system had " counted " only on the·
special contract, not being able to recover on that, he would·
have failed in his action.   But under the code all forms of.'
pleading before then existing are abolished, and now we·
have only the forms of pleading and the rules by which·
their sufficiency is to be determined, as prescribed in section:
91 of the code.   The complaint is required to contain a
plain and concise statement of the facts constituting a cause
of action without unnecessary repetition, and a demand of.
the relief to which the plaintiff supposes himself entitled.
C. C. P., § 93 (2 and 3).   The relief, if there be no answer,.
shall not exceed that demanded in the complaint, but in any
other case, any relief may be granted consistent with the.
case made by the complaint and embraced within the issue..
*Id.*, § 249.   The court or judge shall in every stage of the
action-disregard any error or defect in the pleadings which,
shall not affect the substantial rights of the adverse party,.
and no judgment shall be reversed or affected by such error·
or defect.   *Id.*, § 135.   Tested by these provisions, the com-·

17

plaint as it seems to us was sufficient. It is true it conclu-
ded with a prayer of relief as if proceeding on the special
contract, which the plaintiff could not have, as ruled below
and affirmed here, but still if the facts stated in the com-
plaint, together with those drawn into issue on the answer
of defendants constituted a right to any relief whatever, the
plaintiff was entitled to have it on the case as it was, with-
out amendment, as provided in section 249 of the code. In
our case the complaint, although concluding as upon the
special contract, contained a statement of the contract with
all the stipulations on both sides and averred performance
on plaintiff's part, until the necessity to discontinue the pub-
lication of the paper was forced on him for want of means
by reason of the default of defendants in not furnishing him
a thousand paid-up subscribers as was agreed to be done by
the first of October, 1876; and it further avers that before
ceasing his efforts, the plaintiff requested compliance at the
hands of defendants with notice of his inability otherwise to
continue the paper, and the defendants still failing in this
essential duty on their part, he was disabled to continue the
publication.

Upon these facts stated in the complaint the plaintiff was
rendered unable to carry on his undertaking by the breach
of stipulations on the part of defendants, and thereupon in
law he was justified in ceasing to make further useless efforts
and was authorized to seek by action to recover his dam-
ages, if not on the special contract, at least in general *as-
sumpsit.* The relief, we think, was consistent with the case
made by the complaint and embraced within the issue, and
the plaintiff was entitled thereto on his case as it was. It
was error in the court below to refuse to proceed in the
cause unless the plaintiff would amend his complaint. *Oates
v. Kendall,* 67 N. C., 241.

It is our opinion therefore that the judgment of this court
heretofore given and reported in 79 N. C., 164, be affirmed

in so far as it holds plaintiff not entitled on the special contract, and that it be reversed in so far as it affirms the judgment of nonsuit entered in the court below.  This will be certified to the end that plaintiff may have remedy on the complaint without amendment for such damages as by law he may be entitled to, unless he chooses to ask and is allowed amendment.

Error.                                                        Modified.