WILLIAM GRANT, Adm'r, v. S. EMILY BURGWYN and others.

*Judgment—Merger of Debt—Pleading—Amendment.*

1. Where a judgment is recovered for a debt due by bond, the debt is thereby changed into a matter of record, and the plaintiff's remedy is upon the latter security, while it remains in force.

2. The pendency of such judgment may be set up by the defendant as a bar to another action upon the same bond.

3. A plaintiff will not be allowed to abandon the averments in the complaint' and recover upon a collateral statement of facts contained in the defendant's answer.

4. No amendment of pleading is allowed, where the cause of action as proved is wholly variant with that alleged. C. C. P., § 130.

5. Whether the court has a discretion to refuse an amendment in case of a partial or immaterial variance (?).

6. But where plaintiff voluntarily amends his complaint by entering a *nol. pros.* as to certain causes of action, it is a matter of discretion in the court, whether he shall re-instate them.

(*Platt* v. *Potts,* 11 Ired., 266; *Gibson* v. *Smith,* 63 N. C., 103; *Craige* v. *Craige,* 6 Ired. Eq., 191; *Herron* v. *Cunningham,* 1 Ired. Eq., 376; *Shelton* v. *Davis,* 69 N. C., 324; *Rand* v. *Bank,* 77 N. C., 152; *Pearce* v. *Mason,* 78 N. C., 37, cited and approved).

CIVIL ACTION tried at January Special Term, 1882, of NORTH-AMPTON Superior Court, before *Graves, J.*

Appeals were taken by both the plaintiff and defendant, S. Emily Burgwyn, which for the sake of convenience the court

considered together. There were also exceptions taken to the rulings of the court with reference to the rights of the interpleader, Welsh, but as the court found it unnecessary to consider them, it is needless to state them.

The plaintiff begun his action against the defendant, Burgwyn, on the 18th June, 1877, and at the same time sued out warrants of attachment, which were returned as levied on the indebtedness of one McRae to the said defendant, amounting to $4,500, and evidenced by four bonds given to her by him.

In his complaint which was filed at fall term, 1877, the plaintiff alleged three distinct causes of action against the said defendant:

1. That on the ⸺ day of December, 1857, she, together with one T. P. Burgwyn, executed a bond to the plaintiff's testator for the sum of $3,059, upon which two partial payments had been made, one of $500, on April 6th, 1859, and the other of $600, on January 14th, 1860, and that no other payments had been made thereon.

2. That at fall term, 1866, the said testator recovered of T. P. Burgwyn and said defendant a judgment for $2,313, of which no part had been paid.

3. That at spring term, 1866, the said testator had another judgment against the same parties for the same sum of $2,313, of which no part had been paid.

In her answer the defendant, Burgwyn, admitted the execution of the bond sued on, but averred that the same had been paid in full, and she denied that any such judgments, as those set forth in the complaint, had ever been recovered by the testator of the plaintiff.

Subsequently to this, the defendant, Welsh, was allowed by the court to interplead, and filed his claim, setting forth that the bonds attached were his own, and had been assigned to him before the levy of the attachment thereon, and for a valuable consideration. To this the plaintiff replied, denying his property in the bonds.

At spring term, 1880, the cause was called for trial, when the defendant's counsel, alleging that they were surprised at the proof of the judgments declared on, asked for a continuance of the cause, and thereupon the plaintiff's counsel said that rather than have a continuance they would enter a *nolle prosequi*, as to the plaintiff's second and third causes of action, and accordingly the same was done.

The trial was then proceeded with, resulting in a verdict and judgment for the plaintiff, from which an appeal was taken to this court, which was heard at June term, 1880, and a new trial awarded. See *Grant v. Burgwyn*, 84 N. C., 560.

The opinion having been certified to the court below, the plaintiff caused notice to be served upon the defendants, in September, 1881, that he would rely upon the second and third causes of action, set forth on his original complaint, and as to which a *nolle prosequi* had been entered.

At fall term, 1881, the defendant, Burgwyn, with the leave of the court, filed an amended answer, wherein she alleged that two judgments in favor of the plaintiff's testator had been rendered upon the bond sued on—one at spring term, 1866, and another at fall term in the same year—and she insisted that the bond was therefore merged in and extinguished by said judgments, so that no action could be maintained thereon.

When the cause was again called for trial at said special term, held in January, 1882, it was conceded by the plaintiff that the bond declared on, as the plaintiff's first cause of action, had been reduced to judgment as set forth in the amended answer.

After the jury were impaneled, the complaint was read as originally drawn, to which the defendants objected upon the ground that a *nolle prosequi* had been entered to the second and third causes of action, so that they no longer constitute any part of the complaint, and thereupon the plaintiff's counsel remarked that they would ask leave to amend the complaint, by restoring to it those two causes of action, but upon hearing the amended answer read, His Honor suggested that, as it admitted the judg-

13

ments, it supplied the defect in the complaint, and rendered its amendment unnecessary, though it could be allowed at any time if needed, and the counsel then said they would ask for it later in the trial.

His Honor then stated that as to the judgments set up in the answer, there was no issue made by the pleadings, to which both parties assented, and so there was but a single issue submitted, touching the ownership of the bonds attached by the defendant, Welsh, and to which the jury responded that he was not the owner thereof.

The defendant, Welsh, then moved to set aside the verdict, which the court declined to do.

The defendant, Burgwyn, then moved for judgment on the pleadings and admissions of the plaintiff, that she go without day, and for costs, and also that the attachment be dissolved, both of which motions were refused by the court.

The plaintiff then moved to amend his complaint, re-instating the second and third causes of action of the original complaint, to which His Honor replied that, though unwilling to set aside the verdict, he did not approve of it. Nor did he think it would be in furtherance of justice, to allow the complaint to be amended as asked, and he refused the motion to that effect.

Judgment was then rendered for the plaintiff, that he recover of the defendant, Burgwyn, the sum of $2,313.37, with interest, &c., and condemning the bonds levied on, and the indebtedness evidenced thereby, to the satisfaction of said judgment.

In the plaintiff's appeal, the error assigned is the refusal of the court to enter the amendment as asked for; and in the defendant's, the refusal to give her judgment that she go "without day," and the granting of the judgment to the plaintiff.

*Messrs. W. Bagley, T. W. Mason* and *Mullen & Moore,* for plaintiff.

*Messrs. Thos. N. Hill* and *W. C. Bowen,* for defendants.

RUFFIN, J.   It seems to this court to be impossible to sustain the judgment, which was rendered in this cause in the court below, upon any principle of law or rule of pleading.

So long ago as the time of LORD COKE, in *Higgans' Case,* 6 Rep., 45, it was resolved, that whenever a judgment was recovered upon a bond, and the same remained in force, then the obligee in the bond could not have a new action upon it— the principle of the decision being, as expressed in the maxim *transit in rem judicatum,* that the cause of action is thereby changed into a matter of record of a higher nature, and the inferior remedy is merged therein.

In Brooms Commentaries, 269, this doctrine of *merger* is thus explained: "So, if judgment be recovered for a debt due by bond, the debt thus becomes, by judicial proceeding and act in law, transformed into a matter of record, upon which latter security, whilst it continues in force, the plaintiff's remedy *must be had*"; and in *King* v. *House,* 13 M. and W., 494, it was held that the pendency of such a judgment was pleadable, not in abatement merely, but as an *absolute bar* to another action brought upon the same bond.

The same rule obtains in the courts of this country:

In *Wagner* v. *Cochrane,* 35 Ill., 152, it is said that by judgment, the contract upon which it is based becomes entirely merged—loses all its vitality—and ceases to be obligatory upon the parties.   Its force and effect are wholly expended, and all remaining liability is transferred to the judgment, which then becomes the evidence, and the only evidence that can be used in a court, of the existence of the original debt.

In *Platt* v. *Potts,* 11 Ired., 266, this court declared that a note upon which judgment had been taken, *was defunct*—that it no longer had any existence *as a thing,* either in fact or in contemplation of law; and in *Gibson* v. *Smith,* 63 N. C., 103, it is said, that there is *no exception* to the rule that a judgment merges the debt upon which it is rendered.

So inflexibly is the doctrine enforced by the courts, that the

supreme court of Pennsylvania declared, in *Jones* v. *Johnston,* 3
Watts and Sergeant, 276, that no expression of intention by the
parties would control the law, which prohibits distinct securities
of different degrees for the same debt, and no agreement on their
part would prevent an obligation from merging in a judgment
on it, or passing *in rem judicatum;* and in *United States* v. *Price,*
9 How., 83, a court of equity even, which pays no regard to
mere fictions, refused to take cognizance of a bill seeking to en-
force a bond upon which a judgment at law had been previously
rendered, holding that it was merged in and extinguished by the
higher security.

This being so, and the bond declared on being thus absolutely
extinguished by the judgments, so that it no longer furnished
evidence of any indebtedness on the part of the defendant to the
plaintiff, and the court having expressly withheld its leave to de-
clare upon the judgments, there was literally left nothing in the
cause, which could authorize the judgment rendered, or in fact
any judgment other than that demanded by the defendant.

It is true, indeed, that counsel, when pressed with this diffi-
culty, assumed the ground that by pleading the judgments in
the manner she did, and by admitting them to be yet unsatisfied,
the defendant had supplied whatever deficiency there might
otherwise have existed in the complaint, and that the plaintiff
might with propriety rely upon the strength of such admissions
to prove his case, and support the judgment of the court: and
for this he cited several authorities. A reference to them, how-
ever, fails to justify any such inference as is attempted to be
drawn from them. On the contrary, the general rule, whether
under the new or the old procedure, is, that relief must be given
according to the allegations contained in the pleadings and the
proofs offered in support of them ; and that the latter must not
only show that the plaintiff is entitled to some relief, but that he
is entitled to it upon the ground on which he has placed his
claim. *Craige* v. *Craige,* 6 Ired. Eq., 191; *Herron* v. *Cun-*

*ningham,* 1 Ired. Eq., 376; *Shelton* v. *Davis,* 69 N. C., 324; Pomeroy on Remedies, 549.

In *Rand* v. *Bank,* 77 N. C., 152, the very point was made, and it was held by the court that a plaintiff could not be allowed to abandon the averments of his complaint, and recover upon a collateral statement of facts set out in the answer.

Any other rule than the one adopted by the courts, would tend to defeat the very aim and object of all pleadings, and would be so productive of confusion, and of possible injustice, that it were better to dispense with all attempts at formal pleading, and depend only upon oral statements made at the moment of trial. What more striking illustration could there be of the surprise and danger, which might attend a rule of practice, such as is invoked by the plaintiff, than is afforded by the very case we have in hand. A defendant, sued in an action of debt upon a bond, answers that the bond has been merged in a judgment and is therefore extinguished. For a complete defence to the action as urged against Burgwyn, nothing more is needed, and anything more on her part would be considered as redundancy. To give judgment against her upon the strength of that statement alone, would manifestly be to deprive her of the opportunity of defending herself against the pleaded judgment as creating a subsisting liability. Very true, at the trial, she admitted that it had never been *paid,* but whether there are other valid defences against it, she has never had the opportunity to make known, and it is impossible for the court to anticipate.

Liberal as the *Code* is of amendments, and careful as it is to avoid the decision of causes upon points not involving their merits, it has provided no cure for omissions such as the plaintiff has been guilty of, and neither could it do so without subjecting the defendant to such danger from surprise as would be altogether unjustifiable.

The case is one in which the cause of action as proved is wholly variant with that alleged in the complaint, and falls

clearly under section 130 of C. C. P., which makes no provision for amendments in such cases. How far it is the purpose of the legislature to restrict the discretion of the judge in disallowing amendments, in cases of immaterial or partial variances between the proofs and the pleadings, as provided for in sections 128, 129 and 132 of the *Code*, we are not now prepared to say. But we are sure, that, in a case like the present, in which the plaintiff, in the expectation of benefit to himself, has purposely withdrawn certain of his alleged causes of action, it must rest within the discretion of the court to say, whether or not he shall be permitted to reinstate them in his complaint.

It cannot be that the pleadings in a cause can be kept thus shifting, first presenting one cause of action, and then another, at the will of the party, and free from all control on the part of the court.

If clothed with a discretion in the matter, His Honor has already exercised it by refusing the plaintiff's motion, and it is needless therefore, even conceding it to be a case in which the law would tolerate such an amendment, to remand the cause, as was done in *Shelton* v. *Davis, supra,* and *Pierce* v. *Mason,* 78 N. C., 37, to the end that the question may be considered; and nothing can be done, save to reverse the judgment of the court below and to give judgment here for the defendant, S. E. Burgwyn, that she "go without day," and that the attachment be dissolved.

The plaintiff will pay the costs of both appeals.

Error.                                                   Judgment according.