M. M. McKINNON v. PETER McINTOSH.

*Amendment— Counterclaim—Deceit—Pleading— Warranty.*

1. The Court in which an action is pending has the power, and it is its duty, to require any pleading to be amended so as to make it plain, definite and certain.

2. To sustain an action for deceit three things are essential: (1.) That the representation was false; (2) that the party making it knew it to be false; and (3) that the purchaser was thereby deceived.

3. The positive representation by a vendor that the article sold possesses a certain value, amounts to a warranty, though he may not have known such representation to be false; and in an action to recover the price stipulated, the vendee may, by counter-claim, set the breach of the warranty and reduce the sum claimed by the difference between the contract price and the actual value, though there was no deceit in the sale.

(*Johnson* v. *Finch*, 93 N. C., 205; *McElwee* v. *Blackwell*, 94 N. C., 261; *Howe* v. *Rea*, 70 N. C., 559; *Thompson* v. *Tate*, 1 Mur., 97; *Ingel* v. *Bond*, 3 Hawks, 101; *Foggert* v. *Blackmuller*, 4 Ired., 238; *Bell* v. *Jeffreys*, 13 Ired., 350; *Henson* v. *King*, 3 Jones, 419; *Lewis* v. *Rountree*, 78 N. C., 323; *Baum* v. *Stevens*, 2 Ired., 411; cited and approved; and *Lunn* v. *Shermer*, 93 N. C., 168, approved and distinguished).

·CIVIL ACTION tried before *Clark, Judge,* at February Term, 1887, of RICHMOND Superior Court.

The plaintiff alleged that he sold and delivered to the defendant, in the months of April and May, 1883, a quantity of Lister Bros. Ammoniated Dissolved Bone at $38 per ton, amounting to $297.66, for the recovery of which this action is brought.

The defendant admitted the purchase, stipulated price and receipt of the quantity of Ammoniated Dissolved Bone mentioned in the complaint, and for a "special defence and counter-claim," alleged:

" 1. That the plaintiff falsely represented to the defendant that the said guano was valuable as a fertilizer, and that the same was actually worth the sum of $38 per ton, and was as good as any other on the market for that price.

2. That said guano, as mentioned in the complaint, was not worth $38 per ton—that it was not a valuable fertilizer, and was not as good as many other brands on the market for the money, to-wit, $38.

3. That defendant did not receive value for the sum claimed by the plaintiff, to-wit, $297.66.

4. That defendant received value from said fertilizer not to exceed $150, and he is able, willing, and ready to pay that amount, and agrees that judgment may be rendered against him for that amount."

The jury having been empanneled, complaint and answer were read by respective counsel, whereupon the Court enquired if the following were not the issues :

1st. Is defendant indebted to plaintiff?

2d. If so, how much?

Defendant's counsel assented, but plaintiff's counsel objected to any issue, and moved for judgment, because the answer admitted the cause of action, all the facts set up in complaint, and non-payment of the debt, and that the facts stated in the answer did not constitute a defence in not setting out the necessary averments.

The Court then offered to allow defendant to amend his answer. This the defendant declined to do. The Court then gave judgment for plaintiff. Defendant excepted and appealed.

*Mr. Frank McNeal,* for the plaintiff.
*Mr. Platt D. Walker,* for the defendant.

DAVIS, J., (after stating the case). The ruling of his Honor

in the Court below was based upon the decision of this Court
in the case of *Lunn* v. *Shermer*, 93 N. C., 164.

If the defendant had amended his answer upon the sug-
gestion and offer of the Court to allow him to do so, it would
have removed all doubt and obviated the necessity of this
appeal.

Under the present liberal statutory provision and prac-
tice in regard to amendments, this necessity ought not to
have arisen, and it may be a question whether an appeal
which could have been so easily obviated should not be dis-
missed for that cause. " When the allegations of a pleading
are so indefinite or uncertain that the precise nature of the
charge or *defence* is not apparent, the Court may *require* the
pleading to be made definite and certain by amendment,"
*The Code*, §261, and his Honor would have been warranted
in requiring it in this case, and removing all doubt.

Upon a careful examination of the authorities, and a review
of the case of *Lunn* v. *Shermer*, we think the question pre-
sented by this case is unlike, and must be distinguished from
that. That was an action for a deceit by false representa-
tions, and three things were held to be essential: First,
that the representation was false; second, that the party
making it knew it was false; and third, that it was the false
representations that induced the contracting party to pur-
chase.

In the present case, it is alleged in the answer by way of
counterclaim in substance, and with sufficient clearness, that
the plaintiff made representations in regard to the quality
and value of the fertilizer which were not true, and that in
consequence, instead of being worth $297.66, it was worth
only $150, and he asks that judgment be entered against
him for that amount only.

This was stated with sufficient definiteness to constitute a
defence, and the amount of damage sustained by the de-
fendant because of the difference between the value of the

fertilizer as represented, and its real value, though informally stated, is yet set out with sufficient accuracy to present fairly and unmistakably the defence relied on. *Johnson* v. *Finch,* 93 N. C., 205; *McElwee* v. *Blackwell,* 94 N. C., 261.

The case is more like that of *Howie* v. *Rea,* 70 N. C., 559, which was an action to recover the stipulated price of certain castings, in which the defendant was allowed to reduce the stipulated price by showing that the castings received were not such as were contracted for, and the position is clearly sustained by the authorities there cited.

In addition to this, the defendant had a right to have the question whether the force and effect of the affirmations of the plaintiff in regard to the quality of the fertilizer, did not constitute a warranty of the quality?

If the vendor represents an article as possessing a value which upon proof it does not possess, he is liable as on a warranty express or implied, although he may not have known such an affirmation to be false, if such representation was intended, not as a mere expression of opinion, but the positive assertion of a fact upon which the purchaser acts; and this is a question for the jury. *Thompson* v. *Tate,* 1 Murph., 97; *Inge* v. *Bond,* 3 Hawks, 101; *Foggert* v. *Blackmuller,* 4 Ired., 230; *Bell* v. *Jeffrey,* 13 Ired., 356; *Henson* v. *King,* 3 Jones, 419; *Lewis* v. *Rountree,* 78 N C., 323; *Baum* v. *Stevens,* 2 Ired., 411.

We think there was error in not submitting to the jury the issue raised by the answer, and there must be a new trial.

Error.                                     Reversed.