WRIGHT v. INSURANCE CO.

(Filed May 25, 1905.)

## *Pleading—Prayer for Relief—Complaint—Sufficiency— Waiver of Defects.*

1.  The common law rule that every pleading shall be construed against the pleader, is modified by the present Code system (sec. 260), which requires that all pleadings shall be liberally construed with a view of substantial justice between the parties.

2.  Under the present system of pleading and practice, any relief may be granted which is consistent with the case made by the complaint and embraced within the issue, although other and different relief may be sought by the pleader and demanded in the prayer for judgment. (Code, sec. 425.)

3.  Under sec. 276 of The Code all defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party shall be disregarded in every stage of the action.

4.  In an action on a fire policy where the complaint alleged that the insurance was written on tobacco and that defendant agreed to transfer the insurance from the tobacco to certain machinery, and that the tobacco and the machinery were totally destroyed by fire during the life of the policy, *held*, that the plaintiff having failed to show any transfer of the insurance from the tobacco to the machinery, can recover for the loss of the tobacco, although the complaint seems to have been drawn for the purpose of recovering the loss of the machinery.

5.  In an action on a fire policy, the failure to allege the value of the property insured at the time of the fire, even if an essential allegation, is such a defect as can be cured by amendment and is waived by answer.

BROWN, J., dissents.

ACTION by R. H. Wright against Teutonia Insurance Company, heard by *Judge R. B. Peebles* and a jury, at the January Term, 1905, of the Superior Court of DURHAM County.

This action was brought to recover the amount of a policy of insurance issued by the defendant to Gorman-Wright Co., "on leaf and scrap tobacco and tobacco' stems, their own or held by them in trust or on condition or sold but not delivered," to an amount not exceeding $1,500. The plaintiff alleged the insurance of the tobacco by the policy and that the defendant had agreed to transfer the insurance from the tobacco to certain machinery in the same building, the property of J. N. and P. H. Gorman, and worth $4,000. He further alleged that the tobacco and the machinery were totally destroyed by fire in July, 1903, during the life of the policy; "that proof of loss was promptly made out and submitted to the defendant for the payment of said policy of $1,500, which policy, as plaintiff is advised by counsel, on account of said transfer, covered said machniery in said prizehouse;" that defendant denied its liability on the policy and refused to adjust the loss and pay the amount thereof; that the policy was assigned to the plaintiff in November, 1903, after the loss occurred and he is entitled to recover the amount thereof; and "that the defendant is justly indebted to the plaintiff in the sum of $1,500, 75 per cent. of the value of said machinery being in excess of this sum." The plaintiff then demands judgment for $1,500 and interest, and for such other and further relief' as he may be entitled to have in the premises. The defendant filed an answer in which it admitted the issuing of the policy and the destruction by fire of the prizery, but alleged a want of knowledge or information as to whether or not there was a total loss of the property contained therein. It denied the transfer of the insurance from the tobacco to the machinery, and also denied the transfer of the amount due on the policy to the plaintiff. The plaintiff tendered the following issues: (1) Is plaintiff the assignee of the interest of the assurred, Gorman-Wright Co.? (2) What was the value of the tobacco destroyed by fire? (3) What was the value of the machinery destroyed by fire? The defendant

tendered issues confined to the transfer of the policy to the machinery and the amount, if any, the plaintiff is entitled to recover for the loss of the machinery. His Honor stated that he would not settle the issues at the beginning of the trial, but would hear the evidence and at its conclusion would frame such issues as he thought necessary. There was much evidence as to the transfer of the insurance to the machinery, and the proof of loss of tobacco and machinery (the value of each being shown by the proof and the schedule annexed thereto) was put in evidence. The evidence tended to show that the tobacco stems (worth $100) belonged to the Gorman-Wright Company and the strips (worth ($1,600) were held "in trust" by them for other parties. At the close of the testimony, the court nonsuited the plaintiff and he appealed.

*Manning & Foushee* for the plaintiff.
*Winston & Bryant* and *Busbee & Busbee* for the defendant.

WALKER, J., after stating the case: It must be conceded that if in any view of the testimony, considered in the most favorable light for him, the plaintiff was entitled to recover, there was error in the ruling of the court. Counsel in their arguments and briefs discussed principally the question whether, if the plaintiff had failed to show a transfer of the insurance from the tobacco to the machinery, there were sufficient allegations in the complaint to entitle him to recover for the loss of the tobacco or any part of it. It may be granted that the plaintiff failed to show any transfer of the insurance from the tobacco to the machinery and yet, this being so, the insurance of course remained upon the tobacco, and he is entitled to recover for any loss sustained by its destruction to the amount of the policy and to the extent that he has acquired his alleged assignor's right or interest. It is very true that the complaint seems to have been drawn by the pleader for the purpose of recovering for the loss of the

machinery, but this fact does not defeat the plaintiff's right to recover for the loss of the tobacco if the allegations of the complaint are otherwise sufficient for that purpose.

The common law rule that every pleading shall be construed against the pleader is modified by the present Code system which requires that all pleadings shall be liberally construed with a view of substantial justice between the parties. Code, sec. 260. If the complaint is merely defective in form but a cause of action is stated in substance or by reasonable intendment, the defendant waives the defect by answering to the merits, and it is cured by verdict and sometimes by averments in the answer. When the defect is organic and vital, so that it cannot be cured by amendment, it is not waived by pleading over or by verdict, and it can be taken advantage of even in this court. *Harrison v. Garrett,* 132 N. C., 172. Even where a material allegation is omitted, it is a defective statement of a cause of action merely and not a statement of a defective cause of action. *Johnson v. Finch,* 93 N. C., 205; *Garrett v. Trotter,* 65 N. C., 430; *Bank v. Cocke,* 127 N. C., 467.

In the case at bar, the plaintiff alleges the issuing of the policy and the loss of the property insured. Upon these averments he might recover (if otherwise entitled) the value of the property destroyed by fire, not exceeding the amount of the policy. The only allegation omitted is the one as to the value of the property insured at the time of the fire. But even if this allegation is essential to the statement of a complete and perfect cause of action, its omission is but a defect which can be cured by amendment and is waived by answer, as much so as the omission to allege the determination of the former action in a suit for false arrest, which was the defect in *Johnson v. Finch, supra.* The mere fact that the plaintiff sought to recover for the loss of the machinery, does not prevent the application of that principle to this case. In *Stokes v. Taylor,* 104 N. C., 394, it was held that where

a plaintiff sues upon a special contract and fails in his proof, he may nevertheless recover upon a *quantum meruit* if sufficient facts are alleged upon which to base such a recovery, and this can be done without amendment. *Jones vs Mial*, 82 N. C., 252. Under the present system of pleading and practice, any relief may be granted which is consistent with the case made by the complaint and embraced within the issue, although other and different relief may be sought by the pleader and demanded in the prayer for judgment. Clark's Code, sec. 425, and notes. Any and all defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party shall be disregarded in every stage of the action, and no judgment shall be reversed or affected by reason of the same. Clark's Code, sec. 276, and notes. The plaintiff cannot of course sue upon one contract and prove another and essentially different contract. This is more than a mere variance; it is a failure of proof. But if he sues for specific relief, to which he is not entitled, upon facts which show him entitled to other and different relief, he may be adjudged to have that relief to which he is in law entitled.

We do not understand it to be seriously questioned that, if there are sufficient allegations, the plaintiff can recover for the loss of the tobacco, although he evidently sued for the loss of the machinery; but it is insisted that he has not made sufficient allegations for that purpose, as the value of the tobacco at the time of the fire is not stated. In *Jones v. Ins. Co.*, 55 Mo., 342, where the plaintiff sued on a policy and failed to state the value of the property destroyed, the court held that averments substantially like those in this case were sufficient as to the value of the property. "These averments of value and loss," says the court, "would seem to be sufficient after verdict. That the property insured was totally destroyed by fire would seem to be a distinct averment of loss to the value of the property. That an insurance was given on this property to the amount of $1,200 would strong-

ly imply that, in the estimation of the underwriters, it was at least worth as much as that or more." To the same effect is *Lane v. Insurance Co.,* 12 Mo., 44, in which the court also says that the defendant should have taken advantage of the alleged defect by special demurrer, which we know was always directed against the form of the declaration, as framed in violation of some rule of pleading, and not against the substance of the declaration, as disclosing a case insufficient on the merits. Stephen on Pleading (9 Am. Ed.), pp. 44, 140; *Ins. Co. v. Seitz,* 4 Watts & Serg., 273; *Ins. Co. v. Cornick,* 24 Ill., 463. Discussing a similar question in *Wright v. Williams,* 20 Hun., at 326, the court says: "Suffice it at present to say that an actual total loss is averred and that a cause of action for some amount is fairly deducible from the complaint as thus framed." See also May on Insurance (4 Ed.), sec. 590. The rules of pleading may require that an allegation of the value of the property at the time of the fire should have been made, and also that the plaintiff should have inserted two counts or causes of action in his complaint, one for the loss of the tobacco and the other for the machinery; but these are mere defects of form, which should have been pointed out by motion to make the pleading more definite and certain, or by demurrer, as may have been proper. The defendant preferred to answer and the plaintiff thereupon tendered issues, not only as to the machinery, but as to the tobacco. It was announced by the court that the issues would be settled at the close of the testimony. There certainly was nothing in the evidence adduced by the plaintiff that affected his right to the issue as to the tobacco, but, on the contrary, there was direct proof of the insurance of the tobacco and its loss by fire and of its value, and there was no objection to this evidence by the defendant. His Honor could have ordered the complaint to be made more definite and certain if "the precise nature of the charge was not apparent" (Code, sec. 261), so that the allegations might in all re-

spects correspond with the proof, but he erred in summarily dismissing the action without submitting issues to the jury and trying the case upon its real merits, especially when there was a sufficient allegation in the complaint of the right to recover for the loss of the tobacco, although imperfectly made. *McKinnon v. McIntosh,* 98 N. C., 89. The insertion of the claim for the machinery which proved to be unfounded and which could not be made to answer a useful pur-pose will be disregarded and not allowed to vitiate the preceding good averment as to the tobacco from which the insurance is alleged to have been transferred. *Utile per inutile non vitiatur.* If the transfer was invalid, the insurance still rested on the tobacco, and this appears reasonably and by the clearest intendment from the pleadings. The defendant was aware of it, as it admitted the original insurance of the tobacco and denied the validity of the transfer. It followed necessarily that the tobacco was insured. How then could the defendant have been surprised or misled? The plaintiff on his present complaint can recover "such damages as by law he may be entitled to, unless he chooses to ask for and is allowed an amendment." *Jones v. Mial, supra.* The rights of the insured, under a policy of this kind, have not been discussed, as they are fully considered and decided in *Lockhart v. Cooper,* 87 N. C., 149, and as the argument of counsel was mainly addressed to the other question.

New Trial.

CLARK, C. J., concurring: The complaint alleges that the policy of insurance issued by the defendant was for $1,500 insurance on tobacco; that the tobacco was destroyed during the life of the policy, by fire; that the plaintiff had theretofore requested defendant's agent to transfer the insurance from the tobacco to the machinery; that said agent had authority to make such transfer and had frequently made similar transfers. There is no averment that the transfer

of the insurance to the machinery was in fact made, though the complaint does allege that "plaintiff is advised by counsel that the policy, 'on account of such transfer,' covered said machinery." This is evidently merely an allegation that the legal effect of such request to the agent, etc., was to transfer the policy to the machinery, and further the complaint asks judgment for the recovery of $1,500 upon the value of the machinery. The answer denies any transfer of the insurance to the machinery, and on the trial there was no proof of such transfer and the policy itself being put in evidence showed that in fact no transfer had been made.

Thus there was neither allegation nor proof of a transfer of the insurance to the machinery; there was allegation that the insurance was upon the tobacco and proof by the policy itself that it had not been transferred, supporting the averment of the answer to the same effect. The indirect statement that by "such transfer" the policy covered the machinery is the assertion of a legal inference merely, and is not supported by any allegation of fact in the complaint. It is true that the complaint asks for judgment for $1,500 upon the machinery, but the demand for judgment is immaterial. The court will grant any relief which is "authorized by the facts alleged and proven," whether such relief is demanded in the prayer for judgment or not, and even when an entirely different relief is prayed for. Clark's Code, (3 Ed.), pp. 200, 201 and numerous cases there cited.

The distinguishing feature of the reformed procedure is that cases shall be tried upon their merits disregarding technicalities and over-refinements. The Code, 260, provides that "pleadings shall be liberally construed with a view to substantial justice between the parties," and section 269 provides, "No variance between the allegation in a pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits." This section further provides that

the adverse party must allege that he was misled, and must prove that fact "to the satisfaction of the court," and wherein he was misled, and the only penalty and remedy prescribed is an amendment upon such terms as the court may deem just.  There is no penalty allowed of dismissal of the action or loss of substantial rights by either party.  The sole object is that the case shall be tried and decided upon its merits. Here the defendant did not allege that he was misled and the judge did not find that this was shown to his satisfaction. Had he done so, justice and the statute prescribe as the sole remedy an amendment upon such terms as the court might deem just.  The court could not visit upon the plaintiff, as a penalty for inadvertence in pleading, or a mistaken allegation of fact (if made) a dismissal of the action.  In fact it is clear that the defendant was not "misled" to his predjudice "in maintaining his action upon the merits."  His own averment of no transfer was proven, and the plaintiff having alleged and shown the insurance upon the tobacco and its loss, was entitled to recover its value not to exceed the amount of the policy.  There was no need to aver the value of the tobacco lost.  That was a matter to be determined, not to exceed the contract for indemnity, $1,500.  If the defendant wished the amount more definitely stated, he could have asked for an order to require the plaintiff to make his pleading more definite upon that point.  See numerous cases Clark's Code (3rd Ed.), pp. 290-293, and pp. 275-278.

There was no need to amend the complaint for the insurance upon the tobacco and the loss of the tobacco were alleged and proven.  There was no direct allegation of a transfer of the policy of insurance as a fact and no proof of it, but a denial of such transfer and proof that the insurance had not been transferred.  There was no need to amend the prayer for judgment for its purport was immaterial.  Averment of the total loss of the tobacco entitled plaintiff to show its value.

In granting judgment of nonsuit there was error.

WRIGHT v. INSURANCE CO.

BROWN, J., dissenting: The question presented is as to whether there was a material variance between the allegations and proof, which prevented a recovery upon the proof offered in the absence of an amendment to the complaint, which was not asked. I have examined the case with care, impressed with the conviction that the merits are with the plaintiff. Nevertheless, I am impelled to conclude that there was such a variance as prevented a recovery upon the complaint in its present form. The allegations of the complaint are: That on January 15, 1903, W. L. Brown was agent of the defendant company in Greenville, N. C.; that on the date mentioned the defendant, through said agent, issued its policy to the Gorman-Wright Co., insuring certain tobacco contained in a building in Greenville, occupied as a tobacco prizery; that the lot on which the prizery was situated and the machinery in the prizery was owned by J. N. and P. H. Gorman; that J. N. Gorman was the secretary and general manager of the Gorman-Wright Co.; that on April 9, 1903, J. N. Gorman notified said agent to transfer said policy from the tobacco to the machinery in said prizery, which machinery belonged to the partnership of J. N. and P. H. Gorman; that said machinery was worth $4,000; that said agent was authorized to make said transfer, and that J. N. Gorman had frequently had similar transfers made by said agent; that in July, 1903, the said prizery, tobacco and machinery were destroyed by fire; that proof of loss was filed with the defendant for the payment of said policy of $1,500, which policy, on account of said transfer, covered said machinery; that on November 25, 1903, the Gorman-Wright Co., and J. N. and P. H. Gorman transferred all their interest in said policy to the plaintiff; that the defendant is indebted to the plaintiff in the sum of $1,500, being 75 per cent. of the value of said machinery in excess of this sum. Section 8 of the complaint is in these words: "That proof of loss was promptly made out

and submitted to the defendant company for the payment of said policy of $1,500.00, which policy, as plaintiff is advised by counsel, *on account of said transfer,* covered said machinery in said prizehouse, but defendant failed and refused to pay said policy or to adjust the loss thereon, claiming that it was not liable in any amount therefor." Section 10 is as follows: "That the defendant is justly indebted to the plaintiff in the sum of $1,500.00, 75 per cent. of the value of said machinery being in excess of this sum."

Nowhere in the complaint is the value of the tobacco stated or any allegation made of damage sustained by plaintiff on account of its loss. The only allegation whatever of any loss is on account of the machinery. It was admitted upon argument and it is virtually admitted in plaintiff's brief that the proof failed to show that the policy had ever been transferred from the tobacco to the machinery. The plaintiff now contends that notwithstanding that defect in the proof, he is entitled to recover for the loss of the tobacco which was covered by the policy. This is not a case where the policy covers all the property destroyed. It did not cover the tobacco and machinery both. It covered one only and the plaintiff thought it was the machinery and not the tobacco. So the complaint is framed with the idea and purpose to exclude the tobacco and include the machinery within the protection of the policy. Having failed to show that the policy covered the machinery, how can plaintiff recover for loss of the tobacco upon a complaint which completely negatives the idea that the tobacco was insured by the policy at the time of the fire? The doctrine of aider in pleading cannot apply here. The denials in the answer raise issues as to the transfer of the policy from the tobacco to the machinery, and as to the assignment to plaintiff. The fact that the answer denies the transfer of the policy from the tobacco to the machinery will not permit the plaintiff to recover for the tobacco. It is a simple denial and not a statement of the facts. Even if it

recited the facts, the plaintiff will not be allowed to abandon the averments in the complaint and recover upon a collateral statement of facts set out in the answer. *Grant v. Burgwyn,* 88 N. C., 95. The proper course was to ask leave to amend. *Rand v. Bank,* 77 N. C., 152; *Willis v. Branch,* 94 N. C., 142. In this latter case it is said: "A variance arises when the proofs do not sustain the cause of action alleged in the complaint. If it is immaterial, it will be disregarded; if material and misleading the court may in its discretion allow an amendment." Issues arise on the pleadings. They do not arise on the proofs. Therefore the rule that *allegata et probata* must correspond obtains under The Code, the same as under the old system. The only difference is that a new rule has been introduced for determining what a variance is and its consequences. Pomeroy on Remedies, sec. 553. An immaterial variance is one which is so slight and unimportant that the adverse party could not reasonably be misled by it. The court may then order an amendment or disregard the variance and proceed without amendment. When the variance is substantial, such that the adverse party may have been misled by the averments, if the proof bears some apparent relation to the averments, an amendment may be allowed. *Carpenter v. Huffsteller,* 87 N. C., 278. But the amendment is essential, for proof without allegation is as ineffective as allegation without proof. *McLaurin v. Cronly,* 90 N. C., 50; *McKee v. Lineberger,* 69 N. C., 217. In *Shelton v. Davis,* 69 N. C., 324, *Chief Justice Pearson* said: "The idea of giving the plaintiff judgment upon a state of facts not alleged in the complaint and *entirely inconsistent* with it, whatever may be said in regard to the progress of the age and the liberal and enlarged views of C. C. P., is a proposition which no member of this court can for a moment entertain." In this case the complaint practically avers that the machinery was insured and the tobacco was not. The proof shows that

the tobacco was insured and the machinery was not. The suit is brought to recover for the machinery. The statement of the matter is sufficient to satisfy me that the court below committed no error.